Coös,
June 28, 1923.

BEAUDETTE & GRAHAM CO. v. VICTOR E. THERRIEN.

A party is not called upon to object or except until he is "aggrieved by the ruling direction or judgment of the superior court"; an announcement by the trial justice at a conference with counsel as to how the court will instruct the jury imposes no duty to except until the instruction is given.

A verdict will not be set aside because procedure legally sound is based by the judge upon an erroneous conception of the law which is not communicated to the jury.

ASSUMPSIT, to recover $1,810.05, the amount due on certain promissory notes given in part payment for a refrigerating plant installed by the plaintiffs in the defendant's store in Berlin.

The defendant pleaded the general issue, with a brief statement alleging the plaintiffs' indebtedness to him in the sum of $5,000 for breach of warranty in the sale of the refrigerating plant, and that the defendant would set off so much thereof as might be necessary to satisfy any demand of the plaintiffs which might be proved on trial, and would claim judgment for the balance. The defendant admitting the giving of the notes and that there was due according to their terms $1,810.05, the only issue submitted to the jury was the breach of warranty set up in the brief statement. On this issue a verdict for $3,000 was found for the defendant, who moved for judgment for the excess over $1,810.05, the amount due on the notes. The motion was denied and the defendant excepted.

Before the defendant rested, the court conferred with counsel whether the jury should be instructed to limit their verdict, if they found for the defendant, to the amount of the notes or whether the instruction should not be given, leaving it for the court to reduce any verdict by any excess of the amount of the notes, the court then ruling that the defendant could not recover beyond that amount.

The defendant did not object or except to the ruling, and the plaintiffs did not contest during the remainder of the trial the amount of damages as fully as they would otherwise have done. The jury were not instructed to limit the verdict.

Transferred by *Allen*, J.

*Rich & Rich* (*Mr. George F. Rich* orally), for the plaintiffs.

*Ovide J. Coulombe* (by brief and orally), for the defendant.

PARSONS, C. J.   Upon the facts determined at the trial the defendant is as matter of law entitled to judgment, as claimed in the brief statement, for the excess of the amount found as damages for breach of warranty over the amount due on the notes. *Johnson* v. *Association,* 68 N. H. 437.   The exception to the denial of his motion therefor is sustained.

The exception was seasonably taken.   A party is not called on to object or except until he is "aggrieved by the ruling, direction, or judgment of the superior court."   Laws 1901, *c.* 78, *s.* 5.   If at the conference the court had informed counsel he proposed to instruct the jury to limit their verdict to the amount due on the notes, the defendant's rights would have been protected by exception taken when the instruction was given.   As the instruction was not given, there was no occasion for the defendant to object or except.   He certainly was not "aggrieved" by the procedure adopted. The so-called ruling was merely an expression of opinion as to future procedure if a particular situation, which might never be presented, should thereafter arise in the case.

The conclusion not to instruct the jury to limit their verdict necessarily left the question of law open until it should arise, if it ever did.   Rule 52, 78 N. H. 697, "All exceptions to the charge shall be considered as waived, unless taken and reduced to writing before the jury retire," has no application.   The defendant is not aggrieved by anything told the jury or by the failure to instruct them to limit their verdict.   The procedure was conformable to the law.   A verdict is not set aside because of an error in assigning the reason for an existing rule of law unless it appears the jury was misled thereby.   *Blodgett* v. *Company,* 52 N. H. 215, 219; *Carpenter* v. *Pierce,* 13 N. H. 403.   *A fortiori* a verdict is not to be set aside because procedure legally sound is based by the judge upon an erroneous conception of the law which is not communicated to the jury.   The opinion of the court that the defendant could not recover upon a plea of recoupment had nothing to do with the trial as it was conducted.   The procedure was precisely what it should have been if no doubt were entertained as to the defendant's right to recover.   The view of the law expressed related solely to what should be done after the trial was over.   If the court had gone further and expressed the opinion that the plaintiff would be entitled to a *capias* execution for any excess of the amount due on the notes over the amount found as damages by the jury, failure to except to such expression of opinion when made would not fore-

close the defendant. It is obvious that in such case the defendant's rights would be protected by objection when motion was made for such an execution.

The defendant has no occasion for a new trial of the issue submitted to the jury. The result of the one that has been had appears entirely satisfactory to him. Whether the plaintiffs can sustain an application for a new trial is not profitably considered until such an application is made and the facts found. If, as suggested in the plaintiffs' brief, counsel at the time thought the court in error, the ground upon which such application could be sustained is not now apparent. Upon this question no opinion is expressed or formed.

*Defendant's exception sustained.*

All concurred.