Coös,
Dec. 2, 1930.

### Peter Arsenault *v.* Marcel Lepage & *Tr'ee.*

*Matthew J. Ryan,* for the plaintiff.

*Edmund Sullivan* and *F. Maurice LaForce,* for the trustee.

Marble, J.   The statement of the presiding justice had no legal effect, since it did not result in any specific finding of fact or ruling of law.   *Beaudette &c. Co.* v. *Therrien,* 81 N. H. 117.   The case was simply one in which a proceeding in equity to recover compensation under P. L., *c.* 178, was adjusted by the parties.

Section 35 of chapter 178 provides that "weekly payments due under this chapter shall not be assignable or subject to levy, execution, attachment or satisfaction of debts." The legislative intention to exempt all classes of compensation from trustee-process or other forms of attachment is plainly evident from the context of the statute. It was unnecessary to include in section 35 payments due when death results from a workman's injury (s. 19), since by the terms of section 20 the sum paid to the legal representative of any deceased employee is for the benefit of those, and by clear implication only those, who are named in the section. These provisions of the statute are analogous to P. L., c. 302, ss. 9-14, and should be given a similar interpretation. See *Hinman* v. *Director General*, 79 N. H. 518; *Holland* v. *Company*, 83 N. H. 482, 486. All other amounts payable under the act may fairly be designated "weekly payments," and are therefore expressly exempted from attachment by section 35.

Where the employee is totally or partially incapacitated he is entitled to weekly payments in the strict sense of the term (ss. 21, 23), and if his employer fails to make such payments, he may petition the superior court to determine his right thereto (s. 25). The judgment in such proceeding, if in his favor, is a lump sum equal to the amount of weekly payments then and prospectively due him (s. 27). Obviously the term "weekly payments" in section 35 was meant to include the "lump sum" comprising the accrued and prospective weekly payments recoverable on the workman's petition.

It is equally obvious that the legislature did not intend to exclude from the operation of section 35 those cases in which the workman's suit is compromised. Section 25 expressly provides that any question as to compensation which may arise under the act shall be determined by agreement or by a proceeding in equity. It would be a narrow construction indeed to hold that a judgment rendered by the court is subject to the prohibitions of section 35 while a judgment agreed to by the parties is not. The statute "was enacted for the benefit and protection of the mill and factory operatives of the state," and "should be liberally construed to fully and adequately effectuate the purpose of its enactment." *Barber* v. *Company*, 79 N. H. 311, 313. See also *Mulhall* v. *Company*, 80 N. H. 194, 199.

*Exception overruled.*

All concurred.