Rockingham,
May 7, 1935.

AUGUSTINE SEMPRINI, *Adm'r v.* BOSTON & MAINE RAILROAD.

*Frank E. Blackburn* and *Thomas J. McGreal* (*Mr. McGreal* orally), for the plaintiff.

*Hughes & Burns* (*Mr. Burns* orally), for the defendant.

WOODBURY, J. The testimony concerning the utterance of the fireman was undoubtedly offered for the purpose of showing that the engineer negligently failed to heed a timely warning of the danger to the decedent. This testimony is clearly hearsay, and so is only to be received in evidence if it falls within some exception to the rule which excludes such evidence. It is argued that the testimony should be received either because the fireman's statement constituted an admission of fault, or else because it formed a part of the *res gestae*. We are of the opinion that neither argument is tenable.

"An agent's admissions are not evidence against the principal unless the agency includes authority to make them." *Ernshaw* v. *Roberge*, 86 N. H. 451, 453. In this case there is no evidence that the fireman had express authority from the railroad to speak on its behalf, and certainly no such authority could be regarded as reasonably necessary in the ordinary prosecution of the work he was employed to do. Under these circumstances the fireman's statements may not be received in evidence as admissions. *Nebonne* v. *Railroad*, 67 N. H. 531; *Guerin* v. *Company*, 70 N. H. 133; *Wright* v. *Railroad*, 81 N. H. 361, and cases cited.

Neither does the proffered testimony fall within that exception to the hearsay rule which admits utterances which form a part of the *res gestae*.

"The theory of the Hearsay rule ... is that, when a human utterance is offered as evidence of the truth of the fact asserted in it, the credit of the assertor becomes the basis of our inference, and therefore the assertion can be received only when made upon the stand, subject to the test of cross-examination." 3 Wig., Ev. *s.* 1766. The theory which underlies the *res gestae* exception to the hearsay rule is that the circumstances under which the utterance was made afford a guarantee of truth in substitution for that provided by oath and cross-examination. To provide this substitute guarantee it must appear to the satisfaction of the presiding justice that the utterance was a spontaneous verbal reaction to some startling or shocking event, made at a time when the speaker was still in a state of nervous excitement produced by that event, and before he had time to contrive or misrepresent. 3 Wig., Ev. *ss.* 1747, 1750; *St. Laurent* v. *Railway*, 77 N. H. 460, 462, and cases cited.

Neither the circumstance that an utterance was made in response to a question (*Murray* v. *Railroad*, 72 N. H. 32), nor that it was self-serving is alone enough to bar a statement otherwise admissible. We are of the opinion, however, that these elements combined with the

other facts appearing herein are sufficient to preclude, as a matter of law, a finding that the utterance was spontaneously made by reason of the excitement caused by the accident. The statement was in response to a direct charge of fault and was obviously designed to avoid that charge and to shift the blame onto the shoulders of the engineer who, as the evidence discloses, was not present to defend himself. These circumstances are sufficient to negative any inference of spontaneity which might otherwise be drawn from the nature of the event and from the fact that the words were spoken soon after its occurrence.

The court's tentative finding that the statement formed a part of the *res gestae* was erroneous, but has "no legal effect, since it did not result in any specific finding of fact or ruling of law." *Arsenault* v. *Lepage*, 84 N. H. 497. His final ruling excluding the testimony was correct.

The defendant argues that even if the words were competent under the *res gestae* rule, still they should have been excluded because it did not appear that the fireman was authorized to speak for his employer. This argument is without merit because it confuses the two separate exceptions to the hearsay rule above discussed. Statements which form a part of the *res gestae*, if made by an agent for either party, are admitted, not because of the agency, but regardless of it. The statements of a bystander, if otherwise admissible, are fully as competent as are those of an agent for either party or of a party himself. *St. Laurent* v. *Railway*, 77 N. H. 460. On the other hand an admission may only be received in evidence if made by a party or by his agent authorized to speak for him in that regard. Whether or not an admission conforms to the requirements of the *res gestae* rule is wholly immaterial. The two exceptions are quite distinct, and to hold that a statement must conform to both rules before it becomes admissible is obviously erroneous. It may conform to both exceptions, if so it is admissible under either, but a statement is equally admissible if it satisfies all the requirements of either one of the above exceptions to the general rule.

The plaintiff's exception to the order of nonsuit is not supported by any argument other than that which has already been considered and so no further discussion is necessary.

*Judgment for the defendant.*

All concurred.