Donald WORKMAN, Administrator,
Plaintiff,

v.

The CLEVELAND–CLIFFS IRON COM-
PANY et al., Defendants.

No. C 74–273.

United States District Court,
N. D. Ohio, E. D.

Oct. 3, 1975.

John J. McCarthy, Komito, Nuren-
berg, Plevin, Jacobson, Heller & Mc-
Carthy, Cleveland, Ohio, for plaintiff.

John H. Hanninen, Ray, Robinson,
Keenan & Hanninen, Cleveland, Ohio,
for defendants.

MEMORANDUM OPINION AND
ORDER

LAMBROS, District Judge.

Defendants have presented two mo-
tions for determination and the follow-
ing rulings are made:

### I.   MOTION TO STRIKE THE JURY DEMAND

The defendants have moved to strike
the plaintiff's demand for a jury trial
asserting that there is no right to a jury
trial under general admiralty law and
that plaintiff has failed to establish the
conditions necessary for a jury trial as
provided in the Great Lakes Jury Stat-

ute, 28 U.S.C.A. § 1873. The plaintiff has not opposed the motion and upon a review of the matters presented by defendants, the Court finds defendants' position correct and grants the motion striking plaintiff's request for a jury trial.

## II. MOTION FOR ADVANCE RULING ON ADMISSIBILITY OF EVIDENCE

The defendants have moved the Court for a determination on the admissibility of a statement given by a witness to the accident in which plaintiff's decedent was injured. The witness, Richard T. Stratton, was killed in 1973 but prior to his death, Mr. Stratton was interviewed by one of defendants' attorneys (also now deceased) concerning the accident. Indeed Mr. Stratton was interrogated the day of the incident and his signed but unsworn statement is the evidence proferred by defendants.

Defendants assert that under two provisions of the newly-enacted Federal Rules of Evidence, specifically Rules 804(b)(3) and (b)(5), the statement of Mr. Stratton is admissible, although clearly hearsay in nature.

Rule 804(b)(3) would allow hearsay evidence to be received provided that the declarant was unavailable and the statement was against declarant's interest. Defendants argue that Mr. Stratton's testimony tends to subject him to civil liability for negligently pushing the scaffolding upon which plaintiff's decedent and another coworker were standing. The Court notes that Rule 804(b)(3) allows hearsay evidence when the statement is "so far contrary to the declarant's pecuniary or proprietary interest . . . that a reasonable man in his position would not have made the statement unless he believed it to be true." The statement of Mr. Stratton is hardly an admission of negligence. Rather it reflects that he pushed the scaffolding at the order of his supervisor, who was atop the device working with plaintiff's decedent. Such a statement does not constitute an admission of liability.

Moreover, the Court finds it unlikely that Mr. Stratton was even remotely aware of the fact that the same man who drove him to work that morning might sue him for negligence in carrying out the task ordered by a supervisor. The provisions of Rule 804(b)(3) require a more definite showing of the declarant's awareness of the possibility of liability being imposed as a result of his statement than exists herein. For these reasons, the Court finds that Rule 804(b)(3) will furnish no basis for allowing Mr. Stratton's statement into evidence.

Rule 804(b)(5) is a catch-all provision designed to afford the courts flexibility in developing other exceptions to the hearsay rule. After categorizing a number of exceptions in Rule 804(b)(1) through (4), Congress determined that if certain criteria were met, hearsay evidence should be admitted even if not specifically within the enumerated provisions.

The Court finds this exception will not afford a basis for the admission of Mr. Stratton's statement. Under Rule 804(b)(5)(B) it is required that the statement offered be more probative on the point than any other evidence which the proponent can procure through reasonable efforts. Defendants admit that there were a number of other workmen in the area where the accident occurred. In fact Mr. Stratton's statement, if believed, notes that a crew of seven was working on the vessel. Specifically, there were two other men, Glen Richmond and Richard Lawson, working on another scaffold nearby and Gary Dorsey, Mr. Stratton's immediate supervisor, was on the scaffold with plaintiff's decedent when the accident occurred, according to Mr. Stratton. These men are apparently still alive and apparently available. Defendants do not

contend these men are not available, and with these three men able to testify, the Court finds that Rule 804(b)(5) has not been satisfied and accordingly this provision is not available to defendants.

The Court would further note that Mr. Stratton's unsworn statement appears not to have been written out by him but rather signed by him after transcription by another. The Court is well aware of the subtle shifts in meaning that can occur when one's statement is recorded by another. Such changes can be wholly unintentional, and without impugning at all the integrity of the attorney who took Mr. Stratton's statement, he was hardly a disinterested observer. The lawyer took that statement for the purpose of accident investigation with an eye towards litigation.

When any exceptions in Rule 804 are evaluated, the Court will give considerable attention to the desirability of allowing, in effect, counsel for one side to testify on his own behalf! Concededly the statement could well be the only available evidence and other circumstances might justify its trustworthiness. But it is interesting to note that in its proposed Rule 804(b)(2),[1] which would have created an exception for statements of recent perception, the United States Supreme Court specifically exempted from that section any statements given in response to the investigation of a person investigating, litigating or settling a claim. The apparent rationale behind this proposal of the Supreme Court is most applicable to Mr. Stratton's statement herein.

For all of the above reasons, the Court finds that Mr. Stratton's statement may not be admitted in evidence during the trial of this case.

It is so ordered.

---

[1]. Statement of Recent Perception.—A statement, not in response to the instigation of a person engaged in investigating, litigating, or settling a claim, which narrates, describes, or explains an event or condition recently perceived by the declarant, made in good faith, not in contemplation of pending or anticipated litigation in which he was interested, and while his recollection was clear. Rule 804(b)(2), Federal Rules of Evidence, as proposed by the United States Supreme Court.