Grafton
No. 85-001

# THE STATE OF NEW HAMPSHIRE

## v.

## WILLIAM A. BONALUMI

December 5, 1985

*Stephen E. Merrill*, attorney general (*Gregory W. Swope*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, J. The defendant appeals his conviction for driving while intoxicated, subsequent offense, RSA 265:82. The only issue in this appeal is whether testimony by a police officer as to statements made to him by the defendant's wife was properly admitted into evidence under an exception to the hearsay rule. We hold that the Trial Court (*Johnson*, J.) did not err in admitting the testimony.

On the evening of March 17, 1984, the defendant, William A. Bonalumi, and a passenger drove to the home of a friend. While en route, the defendant hit a snowbank and, unable to steer the car back onto the road, skidded along the snowbank for a considerable distance before returning to the road. Immediately following this incident, the defendant and his passenger stopped at John Demers's house to have a few beers. Acting on a tip from a passerby, the police stopped at the Demers residence to question the defendant about the snowbank incident. Based upon observation of the defendant at this time, Officer Chapman arrested him for driving while intoxicated.

The defendant testified that he was not intoxicated at the time he hit the snowbank, but that he did consume three or four beers in the hour between the time of the incident and the time the police arrived. At trial, the State, attempting to prove that the defendant was intoxicated prior to the incident, questioned him about statements made by his wife to Officer Chapman at the police station after his arrest. Her statements concerned an argument she had had with the defendant earlier in the evening when she tried to prevent him from driving because she thought he was too drunk to operate a motor vehicle. The defendant denied that any such argument occurred.

In rebuttal, the State recalled Officer Chapman to testify as to the substance of his conversation with Mrs. Bonalumi. Defense counsel objected to the testimony on hearsay grounds. The trial court overruled the objection and admitted the testimony under an exception to the hearsay rule.

 It is undisputed that the statements made by the defendant's wife and offered in court by the prosecution through Officer Chapman are hearsay. "Hearsay evidence is generally characterized as an extrajudicial statement offered in court to show the truth of its content." *State v. Jansen*, 120 N.H. 616, 617, 419 A.2d 1108, 1109 (1980) (citing C. TORCIA, WHARTON'S CRIMINAL EVIDENCE § 265 (13th ed. 1973)). In the instant case, the statements were made at the police station and were offered to prove the truth of the matter asserted; that is, that the defendant was intoxicated prior to running off the road and driving along a snowbank. *Cf. Ellsworth v. Watkins*, 101 N.H. 51, 53, 132 A.2d 136, 138 (1957). Hearsay statements are generally inadmissible unless they fall within one of the exceptions to the hearsay rule. The question thus becomes whether the statements made by Mrs. Bonalumi fall within one of the hearsay exceptions. Whether testimony is admissible as an exception to the hearsay rule is for the trial court to determine, *see Bennett v. Bennett*, 92 N.H. 379, 386, 31 A.2d 374, 380 (1943), and we will not disturb such a determination unless we find it to be clearly erroneous. *Town of Weare v. Paquette*, 121 N.H. 653, 659, 434 A.2d 591, 596 (1981); *State v. Hudson*, 121 N.H. 6, 11, 425 A.2d 255, 257 (1981).

The trial judge considered a number of exceptions to the hearsay rule, including dying declarations, statements against interest, excited utterances, and business records, all of which may support a finding of apparent trustworthiness. He ultimately based his decision to admit the testimony on the excited utterance exception. Concluding a conference in chambers between himself and counsel for both parties, the judge stated "[t]his is more the excited utterance."

 The theory that underlies the excited utterance exception to the hearsay rule is that

> "the circumstances under which the utterance was made afford a guarantee of truth in substitution for that provided by oath and cross-examination. To provide this substitute guarantee it must appear to the satisfaction of the presiding justice that the utterance was spontaneous verbal reaction to some startling or shocking event, made at a time when the speaker was still in a state of nervous excitement produced by that event, and before he had time to contrive or misrepresent."

*Semprini v. Railroad*, 87 N.H. 279, 280, 179 A. 349, 350 (1935) (citations omitted). The admissibility depends upon a finding that the statements had their "source in such continuing excitement that spontaneity exists." *Bennett v. Bennett*, 92 N.H. 379, 386, 31 A.2d 374, 380 (1943). Whether or not this test of spontaneity is met is for the

trial court to determine in the exercise of its sound discretion. *Bullard v. McCarthy*, 89 N.H. 158, 161, 195 A. 355, 358 (1937).

Thus, to admit the testimony the trial judge must be satisfied that (1) there was a sufficiently startling event or occurrence, and (2) the declarant's statements were a spontaneous reaction to the occurrence or event and not the result of reflective thought.

A review of the evidence in this case indicates that there was substantial evidence from which the trier of fact could find that Mrs. Bonalumi's statements were made spontaneously in response to a startling event. The startling event for Mrs. Bonalumi was being called down to the police station late at night because her husband had just been picked up a second time for driving while intoxicated. Earlier in the evening she had tried to prevent him from driving because she felt he was too drunk to drive. He now faced a jail sentence and a heavy fine for driving while intoxicated. While this may not be a widely recognized startling event, the courts look to the effect upon the declarant and, if satisfied that the event was such as to cause adequate excitement, the inquiry is ended. *See* C. McCorMICK, EVIDENCE § 297, at 855 (3d ed. 1984). In making his determination to admit the testimony, the trial judge remarked that being "called to the police station [because] her husband has been arrested for drunken driving, . . . she is going to be excited and probably angry." Thus, the trial judge was convinced that the event was sufficiently startling to Mrs. Bonalumi as to cause her to become excited and angry.

Furthermore, the judge's conclusion that the statements were spontaneous is expressed in his statement that "she was upset and speaking spontaneously and probably angrily." Thus, there is evidence that the trial judge adequately addressed each of the requirements for finding that a statement falls within the excited utterance exception.

The only additional area of concern is the time factor. "The precise amount of time that may elapse before a statement loses its spontaneity as an excited utterance evoked by a startling event and becomes a mere narrative cannot be established by any absolute rule of law and accordingly, '[m]uch must be left to the discretion of the [trial] court in admitting or rejecting such testimony.'" *State v. Martineau*, 114 N.H. 552, 557, 324 A.2d 718, 721 (1974) (quoting *Dorr v. Railway*, 76 N.H. 160, 162, 80 A. 336, 337 (1911) (other citations omitted)).

"[O]ne court has held a statement made fourteen hours after a physical beating to be the product of the excitement caused by the beating, other courts have held statements made within minutes of

the event not admissible." C. McCORMICK, EVIDENCE § 297, at 856 (3d ed. 1984) (footnotes omitted). In the instant case, the police arrested the defendant at approximately 9:10 p.m. and the defendant's wife arrived at the station shortly after 10:00 p.m. Therefore, given that the defendant's wife was notified of his arrest sometime between the time of arrest and the time she arrived at the station, less than an hour elapsed between the startling event and the excited utterances.

In addition, testimony that the declarant still appeared "nervous" or "distraught," the nature of the exciting event, the declarant's state of mind, and all other circumstances surrounding the statements are also relevant. *Id.*; *State v. Plummer*, 117 N.H. 320, 325, 374 A.2d 431, 434 (1977); *State v. Martineau*, 114 N.H. 552, 556, 324 A.2d 718, 721 (1974); *see Bennett v. Bennett*, 92 N.H. 379, 386, 31 A.2d 374, 380 (1943). In the instant case, there is testimony by Officer Chapman that when Mrs. Bonalumi arrived at the police station "[s]he was *very upset* that her husband had gone out and got himself arrested for . . . drunk driving." (Emphasis added.)

Based on our review of all of the circumstances surrounding the utterance of the statements in question, we hold that the trial court did not err in ruling that the testimony was admissible under an exception to the hearsay rule. Although the defendant raised two additional issues in his notice of appeal, one issue was neither briefed nor argued, and the other was waived during oral argument; therefore we need not consider them. *Fleming v. Martin*, 122 N.H. 128, 130, 442 A.2d 584, 585 (1982) (an issue raised in notice of appeal but not briefed need not be considered by this court).

*Affirmed.*

JOHNSON, J., did not sit; the others concurred.