Merrimack
No. 88-159

THE STATE OF NEW HAMPSHIRE

v.

DAVID KNOWLES

August 16, 1989

*John P. Arnold,* attorney general (*Mark E. Howard,* attorney, on the brief), by brief for the State.

*Joanne Green,* assistant appellate defender, of Concord, by brief for the defendant.

## MEMORANDUM OPINION

SOUTER, J.  In the Superior Court (*Mohl,* J.), the defendant was convicted of driving under the influence, second offense, RSA 265:82, driving after revocation, RSA 263:64, and unlawfully leaving an accident scene, RSA 264:25. He assigns error to the application of New Hampshire Rule of Evidence 803(24) in

admitting hearsay that he was operating the vehicle in question. We affirm.

After a car had snapped a utility pole in front of 13 Maple Street in Concord on July 20, 1987, an officer investigating the incident was accosted by the defendant's mother, who lived with the defendant at 11 Maple Street. According to the officer, she stated, *inter alia*, that she had tried to dissuade the drunken defendant from driving, but that he "drove off and hit the pole." Although a good many people were then at the scene, the officer found that a "lot of [them] specifically requested not to get involved," and he therefore contented himself with the mother's identification of the defendant as the driver.

When the cases were tried in the Concord District Court in October, 1987, however, the mother disavowed her statement, and at the later superior court trial she testified that she had not seen the accident and had no recollection of telling the officer otherwise. In anticipation of the State's attempt to elicit the mother's original statement at the *de novo* superior court trial through the testimony of the investigating officer, the defendant moved *in limine* to exclude it to the extent that it described him as the driver (but not insofar as it branded him as drunk).

In admitting the statement, the trial judge relied on the catch-all exception to the hearsay rule, N.H. R. Ev. 803(24), which allows in

> "[a] statement not specifically covered by any of the foregoing exceptions, but having equivalent circumstantial guarantees of trustworthiness, if the court determines that: (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence."

The defendant does not question the foundation for the mother's statement or challenge the application of Rule 803(24) on any ground except the second condition, (B). He claims the State failed to demonstrate that reasonable efforts would not have procured other evidence at least as probative as the mother's statement.

As a threshold matter, we should note the defendant's failure to address directly the issue of when the "reasonable efforts" should have been made, whether at the time the mother's statement was originally taken, or later when the State learned she would testify differently. Since the State does not address this point, either, we

will assume without deciding that the reasonableness of the State's efforts should be judged by reference to both times.

Addressing the first, it is of course true, as the defendant argues, that the bystanders who gathered at the scene may have included other eyewitnesses who could have identified the driver. Although the investigating officer's enquiries did not lead him to any such witness, perhaps because of the neighbors' reluctance to involve themselves, it is possible that further questioning would have revealed one.

■ It does not follow, however, that the trial judge was clearly acting erroneously when he implicitly found that the State had acted reasonably in taking no further steps to find another eyewitness at the scene. *See State v. Bonalumi*, 127 N.H. 485, 487, 503 A.2d 786, 787 (1985) (evidentiary determinations not to be disturbed unless clearly erroneous). The officer could well have thought, as he said, that the defendant's mother would be the best witness he could find, and he could have predicted a willingness to testify from the fact that mothers do not lightly volunteer evidence against their sons in the first place. While, under this rule, such reasoning might not have justified a failure to seek further evidence in a homicide case, in a case of intoxicated driving and property damage, we cannot say the. trial judge was clearly wrong in thinking the police had done as much as they reasonably should have on the evening of the event. *See* 4 J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE ¶ 803(24)[01], at 803–378 and 803–379 (1988) (reasonableness of efforts to be judged in light of evidentiary importance, means at party's command and significance of issue).

■ Nor do we think the trial court clearly wrong in assuming the police were not reasonably required to scour the area for further witnesses once the mother recanted, three months after the event. The only place to seek witnesses was the defendant's neighborhood, where the incident occurred. The police had already experienced the neighbors' reluctance to give information, and we have no indication that the police knew of anyone with particular potential as a witness. *Cf. Workman v. Cleveland-Cliffs Iron Company*, 68 F.R.D. 562, 563–64 (N.D. Ohio 1975) (reasonable effort requirement unsatisfied by hearsay proponent under Federal Rule of Evidence 804(b)(5), when record revealed names of three other witnesses to accident, none of whom was claimed to be unavailable). Given, again, the nature of the case, the trial judge was not himself unreasonable in finding that Rule 803(24)(B)

required no further efforts to obtain other evidence of the operator's identity, whatever its probative value might have been.

Since we sustain the admission of the hearsay testimony under Rule 803(24), there is no occasion to respond to the defendant's argument that an erroneous application of that rule could not be cured by the application of Rule 801.

*Affirmed.*

All concurred.