Grafton
No. 93-476

THE STATE OF NEW HAMPSHIRE

v.

CHESTER COLE

December 27, 1994

*Jeffrey R. Howard*, attorney general (*William H. Lyons*, senior assistant attorney general, on the brief and orally), for the State.

*Seufert Professional Association*, of Franklin (*Christopher J. Seufert* on the brief, and *William J. Schultz* orally), for the defendant.

JOHNSON, J. A jury trial in Superior Court (*Morrill*, J.) resulted in the defendant, Chester Cole, being convicted of driving under the influence of alcohol, second offense, RSA 265:82 (1993) (current version at RSA 265:82 (1993 & Supp. 1993)), disobeying an officer, RSA 265:4 (1993), and driving after suspension, second offense, RSA 263:64 (1993) (current version at RSA 263:64 (1993 & Supp. 1993)). In this appeal, the defendant argues (1) that the trial court erred in admitting hearsay testimony, and (2) that the State presented evidence insufficient to support his convictions. We reverse and remand.

On the evening of May 10, 1990, the defendant and Jeffrey Grablewski, riding in a green Ford, sped past Officer Ernest W. Parmenter in the town of Alexandria. Officer Parmenter signalled the car to pull over by activating the siren and blue lights on his cruiser's roof. The car did not stop, and a chase ensued through the town of Bristol and into the town of New Hampton. The chase ended when the fleeing car crashed into an embankment alongside the road. Officer Parmenter stopped his cruiser beside the vehicle, whose front end was embedded in the embankment. He then saw Grablewski exiting through the passenger door of the stuck car. Grablewski appeared shaken and disoriented. Footprints led the police from the driver's side of the car to the top of the embankment, where the police apprehended and arrested the defendant.

At the defendant's trial, the State sought to prove that the defendant had been the driver of the vehicle. To this end, the State offered into evidence Officer Parmenter's testimony about a statement made by Grablewski, who did not testify at trial. Claiming hearsay, the defendant objected to the proffered testimony. The trial court deemed Grablewski's statement to be an excited utterance, however, and overruled the objection. Thus, Officer Parmenter testified that as he approached Grablewski, Grablewski said, "Hey, man, I didn't drive the car. It was the other guy."

The jury found the defendant guilty of driving under the influence, second offense; driving after suspension, second offense; and disobeying an officer. A finding that the defendant had been driving was a required element of all three offenses. The defendant argues that the trial court erred in admitting hearsay that he was operating the vehicle in question. The State concedes that Grablewski's statement was hearsay but insists that it was an excited utterance.

■■  Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted. N.H. R. Ev. 801(c). In general, such extrajudicial statements, which are not made under oath or subject to cross-examination, are less trustworthy than those made in court. *See State v. Woods*, 130 N.H. 721, 726, 546 A.2d 1073, 1076 (1988). Thus, hearsay is inadmissible unless it falls within an exception to the general rule barring its admission in court. N.H. R. Ev. 802. Whether hearsay is admissible under one of these exceptions is a question for the trial court. *State v. Killam*, 137 N.H. 155, 160, 626 A.2d 401, 404 (1993). We may disturb a trial court's determination of admissibility if it is clearly erroneous. *Flanagan v. Prudhomme*, 138 N.H. 561, 569, 644 A.2d 51, 57 (1994).

■  The excited utterance exception permits the admission of hearsay if it "relate[s] to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." N.H. R. Ev. 803(2). The exception is premised on the theory that a condition of excitement temporarily stills the capacity of reflection, thereby producing utterances free of conscious fabrication. *See State v. Coppola*, 130 N.H. 148, 153, 536 A.2d 1236, 1240 (1987), *remanded for new trial on other grounds sub nom. Coppola v. Powell*, 878 F.2d 1562 (1st Cir.), *cert. denied*, 493 U.S. 969 (1989). Hence, New Hampshire courts admit only those extrajudicial excited utterances made before the declarant had time to contrive or misrepresent. *Semprini v. Railroad*, 87 N.H. 279, 280, 179 A. 349, 350 (1935).

■  Under Rule 803(2), the declarant's spontaneity is the requisite condition for the admission of an extrajudicial statement. *State v. Coppola*, 130 N.H. at 154, 536 A.2d at 1240. That an out-of-court statement is self-serving does not render it inadmissible. *State v. Cornwell*, 97 N.H. 446, 447, 91 A.2d 456, 457–58 (1952). If a statement is clearly deliberate, however, courts must exclude it regardless of its proximity to startling events. *See Semprini v. Railroad*, 87 N.H. at 281, 179 A. at 350.

■  The high-speed chase and crash in this case were startling events. Nevertheless, the circumstances under which Grablewski implicated the defendant preclude a finding that his statement was spontaneous. When made in response to direct charges of fault, exculpatory statements are deliberate, not reflexive. *See id.* The record indicates that Grablewski's utterance was a reaction to the approaching police officer. Coming on the heels of Grablewski's involvement in illegal activity, the officer's approach betokened an impending accusation. Thus, we conclude that Grablewski's assertion was not spontaneous, but was designed to exonerate himself from a charge of disobeying a police officer. Under these conditions, the

excited utterance exception to the hearsay rule did not justify the admission of Grablewski's statement for the truth of the matter asserted. Therefore, we find that the trial court clearly erred in admitting the proffered hearsay.

Without a finding that the defendant had been driving the speeding vehicle, the jury could not have returned a guilty verdict. Nevertheless, the State maintains that Grablewski's statement was not essential to its case, and did not affect the jury's findings. Thus, the State argues that even if the trial court did err in admitting the proffered statement, the error was harmless. To prove harmless error, the State must establish beyond a reasonable doubt that the error below did not affect the verdict. *State v. MacArthur*, 138 N.H. 597, 599, 644 A.2d 68, 69 (1994). The State has not met this burden.

■ The dissent would hold that the admission of Grablewski's statement constitutes harmless error beyond a reasonable doubt. The record clearly refutes such a holding. At trial, the defendant presented an expert witness, Dr. David Colling, an accident reconstruction expert, who gave his opinion as to the driver of the vehicle. Dr. Colling reviewed the police reports and photographs of the vehicle that were taken at the time of the accident. He also personally inspected the vehicle and the site where the vehicle struck the embankment. It was his opinion that the location of the blood found in the car came from the person occupying the passenger seat, not the driver seat. It was uncontroverted that the defendant had been bleeding, and that Grablewski had not been bleeding. Dr. Colling thus concluded that the defendant could not have been the driver of the vehicle. He testified as follows:

> If you were the driver, you would be facing directly into the steering wheel, and the centrifugal force would be taking you to the left. So if you were going to be injured so that you would bleed in any way, you would find the damage over to the left. *There is no way, with this type of accident, going to the left, that you are going to find the driver propelled in any way that would cause him to have blood stains in this position.* So, therefore, you had to be in the passenger side if you were the one whose blood stains were found there.

(Emphasis added.)

The defendant also presented a witness who testified that he had seen the defendant in the passenger seat of the green Ford approximately forty-five minutes before Officer Parmenter spotted it. Moreover, the State produced only circumstantial evidence to prove that the defendant had been driving. We recognize that a rational fact finder may infer guilt from circumstantial evidence if such evidence

excludes all other rational conclusions. *State v. Bissonnette*, 138 N.H. 82, 84, 635 A.2d 468, 469 (1993). Under the present circumstances, however, a jury might have drawn entirely different inferences from the evidence if the hearsay had not been admitted. Accordingly, we conclude that allowing the hearsay into evidence constituted reversible error.

The defendant next argues that the evidence did not sufficiently establish that he had been operating a motor vehicle. We address this argument because if the evidence had been insufficient, the double jeopardy clauses of the New Hampshire and United States Constitutions would preclude a remand. *State v. Shannon*, 125 N.H. 653, 667, 484 A.2d 1164, 1175 (1984).

To prevail on this claim, the defendant must prove that no rational fact finder could have found him guilty beyond a reasonable doubt. *State v. Weeks*, 137 N.H. 687, 693, 635 A.2d 439, 443 (1993). In deciding this issue, we view the evidence in the light most favorable to the State. *State v. Richardson*, 138 N.H. 162, 169, 635 A.2d 1361, 1366 (1993).

The State produced no direct evidence to support its contention that the defendant had been driving. Nevertheless, the State need not prove each evidentiary fact beyond a reasonable doubt, for the decisive issue is whether the evidence, taken as a whole, establishes the defendant's guilt. *See State v. Bissonnette*, 138 N.H. at 85, 635 A.2d at 469.

In the present case, the evidence strongly suggests that the defendant had been driving. Before the crash, police observed two people inside the fleeing vehicle. Moments after the crash, an officer saw Grablewski exit through the car's passenger door. Next to the open, driver's-side door of the wrecked vehicle, the arresting officer discovered mud footprints created by a work boot. These tracks led up the embankment and into the woods, which is where police located the defendant. The defendant was wearing muddy work boots. Grablewski was wearing clean sneakers. Upon his arrest, the defendant said, "Give me a break. I get my license back in about six days." Moreover, police discovered fresh blood on the car's steering wheel and dashboard. When police found the defendant, his chin was bleeding. Grablewski had no cuts.

After viewing this circumstantial evidence in the light most favorable to the State, we conclude that a rational jury could have found the defendant guilty beyond a reasonable doubt. We reverse and remand for a new trial, however, because of the erroneous admission of hearsay.

*Reversed and remanded.*

THAYER, J., with whom HORTON, J., joined, dissented; the others concurred.

THAYER, J., dissenting: Assuming that Grablewski's statement was erroneously admitted, I respectfully dissent from the majority's conclusion that the trial court's error was not harmless.

The standard we apply in a harmless error analysis is whether "we can conclude beyond a reasonable doubt that the evidence did not affect the verdict." *State v. Silk*, 138 N.H. 290, 291, 639 A.2d 243, 244 (1994). In applying this standard, we consider the alternative evidence presented at trial, *State v. Dellorfano*, 128 N.H. 628, 637, 517 A.2d 1163, 1169 (1986), and the character of the inadmissible evidence itself, *see State v. Lemieux*, 136 N.H. 329, 331, 615 A.2d 635, 636 (1992). In this case, the only issue was who was driving the vehicle. The erroneously admitted evidence was Grablewski's statement, "Hey, man, I didn't drive the car. It was the other guy." In my opinion, the alternative evidence, as summarized in the majority's double jeopardy analysis, overwhelmingly proved that the defendant was driving the vehicle. It included testimony that Grablewski was seen exiting the passenger-side door, that footprints were found leading from the driver-side door to the defendant, and that the defendant pleaded with the arresting officer to give him a break so that he could get his license back. This statement by the defendant was tantamount to a confession. In addition, there was blood on the steering wheel, a cut on the defendant's chin, and no cut on Grablewski. Furthermore, Grablewski's statement was hearsay which defense counsel strenuously argued to the jury was a self-serving statement. In light of the alternative evidence that the defendant was driving the vehicle, I conclude beyond a reasonable doubt that the erroneously admitted evidence did not affect the verdict and its admission was therefore harmless error.

HORTON, J., joins in the dissent.