Hillsborough-southern judicial district
No. 2011-454

EDELTRAUD ELTER-NODVIN

v.

LEAH C. NODVIN *& a.*

Argued: April 11, 2012
Opinion Issued: June 12, 2012

*Cleveland, Waters and Bass, P.A.*, of Concord (*William B. Pribis* on the brief and orally), for the petitioner.

*Hamblett & Kerrigan, P.A.*, of Nashua (*Andrew J. Piela* on the brief and orally), for the respondents.

DALIANIS, C.J. The petitioner, Edeltraud Elter-Nodvin, appeals an order of the Superior Court (*Colburn,* J.) dismissing claims against the respondents, her daughters, Leah Nodvin and Madeline Nodvin. The claims sought to impose a constructive trust on insurance and retirement account proceeds that would otherwise pass to her daughters. We affirm.

The petitioner alleges the following facts, which we accept as true for purposes of this appeal. *See Morrissey v. Town of Lyme,* 162 N.H. 777, 778 (2011). She and Stephen Nodvin were married in 1986. During their marriage, the couple had two daughters, the respondents herein. In 2009, Stephen filed for divorce, the couple separated, and the petitioner moved abroad.

In October of that year, the family division issued an anti-hypothecation order instructing the parties to refrain from, among other things, disposing of marital property while the proceedings were pending. Sometime thereafter, Stephen changed the beneficiaries of certain life insurance policies and retirement accounts from the petitioner to the couple's daughters. After changing the beneficiaries, Stephen died.

In February 2011, the petitioner sued her daughters for the insurance and retirement account proceeds. She argued that the circumstances under which her husband changed his beneficiaries justified the imposition of a constructive trust. The daughters, one of whom was still a minor and represented by her guardians, moved to dismiss the petition. They argued that Stephen's change of beneficiaries did not violate the anti-hypotheca-

tion order, and, therefore, their status as the named beneficiaries entitled them to the proceeds of their father's insurance policies and retirement accounts. The trial court dismissed the petition, and the petitioner appealed.

In reviewing this motion to dismiss, our standard of review is whether the allegations in the petitioner's pleadings are reasonably susceptible of a construction that would permit recovery. *Tessier v. Rockefeller*, 162 N.H. 324, 329 (2011). We assume the pleadings to be true and construe all reasonable inferences in the light most favorable to the petitioner. *Id.* at 330. We need not assume, however, the truth of statements in the pleadings that are merely conclusions of law. *Id.* We then engage in a threshold inquiry that tests the facts in the petition against the applicable law, and if the allegations do not constitute a basis for legal relief, we must uphold the granting of the motion. *Id.*

The petitioner first argues that Stephen's alleged violation of the anti-hypothecation order justifies the imposition of a constructive trust. The order restrained the parties "from selling, transferring, encumbering, hypothecating, concealing or in any other manner whatsoever disposing of any property, real or personal, belonging to either or both of them."

■ Here, because the petitioner's beneficiary status was not "property, real or personal, belonging to" her, Stephen's selection of new beneficiaries did not violate the order. *See In the Matter of Goodlander & Tamposi*, 161 N.H. 490, 495-96 (2011) (discretionary trust distributions were a "mere expectancy" and not property subject to equitable division during divorce). "[T]he beneficiary's interest in [an insurance] policy does not rise to the level of a vested property interest unless the insured is somehow prohibited from changing the beneficiary designated in the policy." *Dubois v. Smith*, 135 N.H. 50, 59 (1991). The petitioner has not alleged that anything prohibited Stephen from changing the beneficiaries of the disputed policies and accounts, and, thus, concedes, as she must, that she had no vested interest in remaining as the beneficiary. Accordingly, absent a property interest, Stephen's action did not violate the plain language of the anti-hypothecation order.

Nevertheless, the petitioner argues that we should focus upon the order's purpose, rather than its letter. The purpose, she contends, was to preserve the *status quo* so that the trial court could equitably divide the couple's assets during the divorce proceeding. *See* RSA 458:16-a, I, II (2004). Had divorce proceedings continued, she argues, the court's power to distribute marital property would have permitted it to require Stephen to maintain the now-disputed policies for her benefit. *See Dubois*, 135 N.H. at 52 (provision in divorce stipulation required party to maintain children as

insurance beneficiaries). As a result, she asserts, Stephen violated the order because, when he changed his beneficiaries, he interfered with the trial court's ability to make such a distribution in the proceedings that were to come. *See Northwestern Mut. Life Ins. Co. v. Hahn*, 713 N.W.2d 709, 711-12 (Iowa Ct. App. 2006).

■ Even if, for the sake of argument, we adopt the petitioner's construction of the order, we reject her conclusion. Stephen's nomination of different beneficiaries in no way impaired the trial court's ability to order him to name a particular beneficiary in the divorce proceedings. *See Dubois*, 135 N.H. at 52. Rather, the court lost its ability to make such an order because Stephen died, not because he changed beneficiaries. His change of beneficiaries, by itself, did not impair the court's ability to make orders relating to the disputed policies. Thus, even under the petitioner's interpretation, Stephen's actions did not violate the anti-hypothecation order and, therefore, cannot serve as the basis for imposing a constructive trust.

■ The petitioner next argues that equity requires the imposition of a constructive trust on the insurance proceeds. No rigid requirements exist for imposing a constructive trust. *In re Estate of Cass*, 143 N.H. 57, 60 (1998). A constructive trust may be imposed when clear and convincing evidence shows that a confidential relationship existed between two people, that one of them transferred property to the other, and that the person receiving the property would be unjustly enriched by retaining the property, regardless of whether the person obtained the property honestly. *Id.* A confidential relationship exists if there is evidence of a family relationship in which one person justifiably believes that the other will act in his or her interest. *Id.*

■ In this case, the trial court properly dismissed the petitioner's constructive trust claim because she failed to allege facts establishing a confidential relationship at the time Stephen changed beneficiaries. An essential component of a confidential relationship is the justifiable belief that a person will act in another's best interest. *See id.* The petitioner argues that she had such a relationship with Stephen because, during their marriage, the couple agreed to purchase life insurance with marital assets. Her petition alleges that the couple bought insurance to "ensure that[,] were one to predecease the other, the surviving spouse would be protected financially," and that the couple spent "substantial amounts of marital funds on . . . life insurance premiums[,] [m]uch" of which the petitioner earned.

These allegations fail to establish a confidential relationship, however, because, notwithstanding the couple's marital plans to provide for one

another at death, Stephen's filing for divorce notified the petitioner that his plans had changed. At that point, the petitioner's alleged belief that Stephen would continue to act in her best interest by following through with the couple's existing estate plan became unreasonable. *Cf. Boyd v. Boyd*, 67 S.W.3d 398, 405 (Tex. App. 2002) ("The fiduciary duty arising from the marriage relationship does not continue when a husband and wife each hire independent professional counsel to represent them in a contested divorce proceeding."). Indeed, one purpose of divorce is to equitably redistribute the marital assets. *See* RSA 458:16-a, II. As a result, when Stephen requested a divorce, he unequivocally signaled his desire to have the court redistribute the couple's assets rather than abide by whatever plans were in place prior to the divorce filing. Given this significant change in the couple's relationship, the petitioner could not have justifiably believed that Stephen would continue to provide for her through life insurance.

Thus, while their divorce action was pending, the petitioner could not rely upon Stephen to provide for her based upon a spousal obligation. Rather, if she wished to remain beneficiary of the insurance policies, she should have asked the court to order Stephen not to alter them. *See* RSA 458:16 (2004). In the absence of such an order or some other legal or equitable obligation to maintain the policies for the petitioner, Stephen was free to name his daughters as beneficiaries. *See Dubois*, 135 N.H. at 58 ("[I]f an insurance policy so provides, the insured may change the designated beneficiary of the policy at any time, provided that the insured has not contracted away this right."). Because the petitioner failed to allege facts giving rise to a justifiable belief that Stephen would act in her best interest, her petition lacks facts establishing a confidential relationship. Therefore, she cannot obtain the relief of a constructive trust, and the trial court properly dismissed her claim. *See In re Estate of Cass*, 143 N.H. at 60.

Finally, the petitioner contends that the trial court erred when it dismissed her breach of contract claim. We first note that the petitioner failed to allege a breach of contract claim in her petition. Instead, she included a footnote in her objection to the respondents' motion to dismiss requesting to amend her petition by adding a breach of contract claim.

█ The trial court's order dismissing the petition made no mention of this claim, which we construe as a denial of the petitioner's request to amend rather than a substantive ruling upon the claim. The claim's absence from the dismissal order suggests that the trial court either declined to allow the amendment and, therefore, found it unnecessary to address the contract claim's substance, or did not address the petitioner's request because she failed to file a motion seeking to amend. Such a construction

renders the dismissal order internally consistent and avoids the questionable assumption that the trial court impliedly granted the petitioner's request to amend and then dismissed the contract claim substantively without analysis or comment. *Cf. In the Matter of Salesky & Salesky,* 157 N.H. 698, 709 (2008) ("[W]e must assume that the trial court made all findings necessary to support its decision."). As the petitioner does not argue that the trial court should have permitted her amendment or erred by declining to address a request set out in a footnote to an objection, we affirm the court's decision. *Waterfield v. Meredith Corp.,* 161 N.H. 707, 713 (2011) (issues not briefed are deemed waived).

*Affirmed.*

HICKS, CONBOY and LYNN, JJ., concurred.