# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0494, <u>Joseph DePalo v. Cindy Collins & a.</u>, the court on July 1, 2022, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, Joseph DePalo, appeals an order of the Circuit Court (<u>Tucker</u>, J.) dismissing his third amended complaint with prejudice, which had alleged claims of bad faith, neglect of duty, breach of contract, and violations of the Consumer Protection Act, against defendant U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-AHL2, a wholly-owned subsidiary of U.S. Bancorp (U.S. Bancorp) and defendant PHH Mortgage Corporation, successor to Ocwen Loan Servicing, LLC, a wholly-owned subsidiary of PHH Corporation, which itself is a wholly-owned subsidiary of Ocwen Financial Corporation (PHH). We affirm.

In reviewing the trial court's grant of a motion to dismiss, our standard of review is whether the allegations in the plaintiff's pleadings are reasonably susceptible of a construction that would permit recovery. <u>Automated Transactions, LLC v. Am. Bankers Ass'n</u>, 172 N.H. 528, 532 (2019). We assume that the facts set forth in the plaintiff's pleadings are true and construe all reasonable inferences in the light most favorable to the plaintiff. <u>See</u> <u>id</u>. However, we need not assume the truth of statements in the pleadings that are merely conclusions of law. <u>Elter-Nodvin v. Nodvin</u>, 163 N.H. 678, 680 (2012). We then engage in a threshold inquiry that tests the facts in the complaint against the applicable law, and if the allegations do not constitute a basis for legal relief, we must uphold the granting of the motion. <u>Id</u>. In conducting this inquiry, we may also consider documents attached to the pleadings, documents the authenticity of which are not disputed by the parties, official public records, or documents sufficiently referred to in the petition. <u>See</u> <u>Automated Technologies, LLC</u>, 172 N.H. at 532.

The plaintiff argues, among other things, that the trial court erred by: (1) failing to apply the correct standard of review; (2) determining that he could not establish that he was harmed by relying upon allegations of harm to others; (3) determining that his allegations did not establish that he had a special relationship with U.S. Bancorp and PHH; and (4) ruling that he had not stated a claim under the Consumer Protection Act (CPA) because the CPA specifically exempts from its purview "[t]rade or commerce that is subject to the jurisdiction of the bank commissioner," RSA 358-A:3, I (2009). The plaintiff also appears to

raise appellate arguments related to the December 2021 foreclosure and sale of his property at auction. However, as those events occurred after the trial court dismissed the plaintiff's third amended complaint, his arguments related to the foreclosure and sale of his property at auction were not before the trial court and are not properly before us in this appeal.

As the appealing party, the plaintiff has the burden of demonstrating reversible error. See Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order dismissing the plaintiff's third amended complaint with prejudice, the plaintiff's challenges to that order, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error. See id.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**