**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2022-0294, Craig N. Salomon v. Lot 3.3 StoneyBrook Connector, LLC & a., the court on May 17, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. See Sup. Ct. R. 20(2). The plaintiff, Craig Salomon, appeals the order entered by the Superior Court (St. Hilaire, J.) dismissing his constructive trust claim against the defendants, Lot 3.3 StoneyBrook Connector, LLC (StoneyBrook), John Salin, and Seacoast Shearwater Development, LLC. We affirm.

The plaintiff alleged the following facts in his complaint, which we accept as true for the purposes of this appeal. StoneyBrook formerly owned a parcel of property in Exeter. Defendant John Salin, a member and manager of StoneyBrook, offered the plaintiff a twenty-five percent interest in the property in exchange for legal services related to the development of the property. The plaintiff rendered the legal services, but the defendants did not convey to the plaintiff an interest in the property. StoneyBrook subsequently sold the property, and the plaintiff received no portion of the proceeds. The plaintiff brought suit against the defendants alleging breach of contract and fraud, and seeking the imposition of a constructive trust "on the proceeds due from [the buyer of the property] to secure the Plaintiff[']s damages." In an order that has not been appealed, the trial court granted the defendants' motion for summary judgment on the breach of contract and fraud counts. Soon thereafter, the defendants filed a motion to dismiss the plaintiff's constructive trust claim. The trial court granted the motion, and this appeal followed.

In reviewing a motion to dismiss, our standard of review is whether the allegations in the plaintiff's pleadings are reasonably susceptible of a construction that would permit recovery. Doe v. Attorney General, 175 N.H. 349, 352 (2022). We assume the plaintiff's pleadings to be true and construe all reasonable inferences in the light most favorable to the plaintiff. Id. We then engage in a threshold inquiry that tests the facts in the complaint against the applicable law, and if the allegations do not constitute a basis for legal relief, we must affirm the grant of the motion to dismiss. Id.

To survive a motion to dismiss a constructive trust claim, a plaintiff must plead sufficient facts to show that: (1) a confidential relationship existed between two people; (2) one of them transferred property to the other; and (3)

the person receiving the property would be unjustly enriched by retaining it, regardless of whether the person obtained it honestly.  See Elter-Nodvin v. Nodvin, 163 N.H. 678, 681 (2012); see also Doe, 175 N.H. at 352.  On appeal, the plaintiff contends that, because his complaint adequately alleged all three of these elements, the trial court erred when it dismissed his claim.[1]

Based upon our review of the trial court's order of dismissal, the written and oral arguments of the parties, the relevant law, and the record submitted on appeal, we conclude that the plaintiff failed to plead sufficient facts to show the elements of a constructive trust.  Accordingly, we affirm.  See Sup. Ct. R. 25(8).

Affirmed.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

---

[1] The plaintiff also argues in his brief that the trial court erred "by suggesting . . . that the plaintiff[']s remedy was possibly quantum meruit."  Because the plaintiff waived this issue at oral argument, we decline to address it.  See State v. Bonalumi, 127 N.H. 485, 489 (1985) (an issue waived at oral argument need not be considered by this court).