Strafford
No. 93-009

THE STATE OF NEW HAMPSHIRE

v.

DANIEL BASSETT

May 23, 1995

*Jeffrey R. Howard,* attorney general (*Donald Feith,* senior assistant attorney general, on the brief and orally), for the State.

*Judith M. Kasper,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J. The defendant, Daniel Bassett, was convicted of four counts of aggravated felonious sexual assault on his wife after a jury trial in Superior Court (*Smukler,* J). On appeal, he argues that the trial court erred in admitting evidence under New Hampshire Rule of Evidence 404(b) of his first conviction and sentence for sexually assaulting his wife. We reverse and remand.

At trial, the defendant's wife, Andrea Bassett, testified to the following. She and the defendant had been married for six years when they separated in August 1990 because of his abusive behavior. After a short time, they resumed their relationship, including sexual relations, although they lived separately. On September 4, 1990, the defendant sexually assaulted her. He was arrested and indicted, and in June 1991, he was convicted and received a suspended jail sentence. Despite the assault and court orders that the defendant stay away from Andrea, the couple maintained contact, and four incidents of sexual assault occurred during the next year and a half, which Andrea did not report to the police until March 1992. On December 24 and 25, 1990, the defendant sexually assaulted Andrea while visiting at her home for Christmas. In March 1991, they reconciled and began living together again in her house. In November or December 1991, however, the defendant sexually assaulted her during an argument about whether they should again separate. He moved out of the house, at her request, on February 1, 1992, but returned the next day to discuss their separation. Their discussion ended in violence. On February 10, he came back to the house to retrieve a pair of boots, and they argued about whether he would leave. The argument escalated, and he sexually assaulted her while threatening her with a knife. She first reported all four incidents to the police on March 4, 1992.

The defendant was indicted on four charges of aggravated felonious sexual assault, RSA 632-A:2 (1986 & Supp. 1991) (amended 1992). Before trial, the State moved to enter into evidence, in its case in chief, the defendant's conviction for aggravated felonious sexual assault on Andrea, stemming from the September 4, 1990, incident, and evidence of his repeated abusive behavior toward her. The State argued that the evidence was admissible to prove the defendant's motive, intent, and

plan. N.H. R. Ev. 404(b). The defendant objected to the admissibility of the evidence of his first conviction, testimony about the incident that resulted in the conviction, and the sentence. Before trial, the court ruled that the defendant's first conviction of aggravated felonious sexual assault, without any explanatory details of the incident, his resulting sentence, as well as evidence of his other abusive behavior toward his wife were admissible to prove intent and motive. The record of the defendant's first conviction and his sentence were introduced as part of the State's case in chief. The only issue on appeal is the admissibility of the defendant's first conviction and sentence.

■ The purpose of Rule 404(b) in a criminal trial is to ensure that the defendant is tried on the merits of the crime as charged and to prevent a conviction based on evidence of other crimes or wrongs. *See State v. Blackey,* 137 N.H. 91, 94, 623 A.2d 1331, 1333 (1993). Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Evidence of other crimes is not admissible unless: (1) it is relevant for a purpose other than to show the defendant's bad character or disposition; (2) there is clear proof that the defendant committed the other crimes or acts; and (3) prejudice to the defendant does not substantially outweigh the probative value of the evidence. *State v. Hastings,* 137 N.H. 601, 603–04, 631 A.2d 526, 528 (1993); *State v. Dalphond,* 133 N.H. 827, 830, 585 A.2d 317, 320 (1991). In ruling on the admissibility of evidence under Rule 404(b), the trial court exercises its sound discretion, and we will find error "only if the defendant can show that the ruling was clearly untenable or unreasonable to the prejudice of his case." *State v. Whittaker,* 138 N.H. 524, 526–27, 642 A.2d 936, 938 (1994) (quotation omitted). In this case, the defendant challenges the admissibility of his prior conviction and sentence on the first and third prongs of the Rule 404(b) analysis.

■ To be relevant under the first prong of the Rule 404(b) analysis, evidence of the defendant's first conviction and sentence must have had "some direct bearing on an issue actually in dispute." *Blackey,* 137 N.H. at 95, 623 A.2d at 1333. In addition, there must have been a clear connection between the particular evidentiary purpose, as articulated to the trial court, and the first conviction and sentence. *See United States v. Kendall,* 766 F.2d 1426, 1436 (10th Cir. 1985), *cert.*

*denied,* 474 U.S. 1081 (1986); 1 J. STRONG, MCCORMICK ON EVIDENCE § 190, at 809 (4th ed. 1992).

The trial court determined, before trial, that the defendant's first conviction and sentence were relevant to prove motive and intent and ruled that the evidence was admissible. The defendant appeals the court's pretrial ruling to admit the evidence but does not raise issues concerning the use or content of the evidence as it was presented at trial. *Cf. State v. Poirier,* 136 N.H. 477, 617 A.2d 653 (1992) (affirming court's decision, based on changed circumstances at trial, to reverse pretrial decision to exclude evidence of defendant's prior assault); *State v. Fecteau,* 133 N.H. 860, 873–74, 587 A.2d 591, 599 (1991) (affirming trial court's ruling allowing the State to introduce previously excluded evidence of the defendant's arrest to explain references in defense's opening statement).

We have not previously articulated a standard for the scope of review of a pretrial ruling to admit evidence under Rule 404(b). We note that a court's pretrial ruling is likely to affect the trial strategy of both the defense and the State. In this case, the defense, in light of the pretrial ruling, chose to counter the effect of the evidence by explaining in opening statement that the defendant had received counseling and changed his behavior following his arrest for the crime underlying his first conviction. The State argues that this defense provides further justification for the court's pretrial ruling that the evidence was relevant. To avoid the pitfall of justifying the court's pretrial ruling based upon the defendant's response at trial to the evidence, we consider only what was presented to the court at the pretrial hearing to review the relevance of the challenged evidence. The question of relevance should thus be answerable in this case as of the time of the State's proffer and the court's ruling thereon; namely, pretrial.

We first examine the relevance of the defendant's conviction and sentence to prove his motive to sexually assault his wife. "Motive has been defined as supplying the reason that nudges the will and prods the mind to indulge the criminal intent." 2 J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE ¶ 404[14], at 404–86 (1993) (quotation omitted). The State's motion *in limine* sought to admit evidence of the defendant's other violent and abusive behavior against his wife, his threats to commit suicide, and his first conviction and sentence for the previous assault. The defendant challenged the admissibility of his first conviction and sentence and testimony about the details of that assault, but did not object to evidence of his other abusive and violent behavior toward his wife. The State did not seek to include the details of the crime underlying his first conviction and sentence.

At the pretrial hearing, the prosecutor explained why the evidence should be admitted to prove the defendant's motive: "The defendant's

motives really go to his motives as it relates to their relationship, as opposed to his motive of the specific incident." The ensuing discussion between the prosecutor and the court reveals that the State's primary interest was to present evidence of the continuing abusive relationship between the defendant and Andrea, to explain her conduct, and to support her credibility at trial. The court stated that proof of her credibility raised an evidentiary issue aside from Rule 404(b) that could not be resolved before trial. The prosecutor responded: "Well, your Honor, except that it would be the state's position that it—that it is not merely on the issue of credibility, but, rather, it forms the—it forms, in essence, the explanation for the conduct of the individuals involved, apart from credibility." The defendant did not dispute the nature of the relationship between himself and his wife and did not object to evidence of their relationship, except the fact of his conviction and details of the underlying assault. The court noted that there were three levels of evidence addressed by the State's motion *in limine,* and first granted the State's motion as to the "evidence with respect to the relationship of the parties," finding no objection by the defendant. The court then ruled that as to the second and third evidentiary issues, the conviction and sentence were admissible under Rule 404(b) to show motive and intent, which we understand to mean the motive and intent of the defendant rather than the nature of the defendant's relationship with Andrea. Andrea's motive and intent were not relevant at the time of the pretrial hearing. *Cf. State v. Richardson,* 138 N.H. 162, 166, 635 A.2d 1361, 1364 (1993) (finding evidence of the defendant's other bad acts relevant to show the victim's state of mind at the time of the charged offenses). As the trial court properly noted, unless and until Andrea's testimony was impeached at trial, a decision to admit evidence of the conviction to corroborate her credibility was premature. *See* N.H. R. Ev. 404(a)(2), 608(b).

We are at a loss to understand the connection between the defendant's conviction and his motive to commit the charged assaults as articulated by the State at the pretrial hearing. The State did not suggest that the defendant assaulted his wife to retaliate for his arrest or conviction of the original incident, to intimidate her, or to prevent her from reporting his subsequent crimes. *See, e.g., State v. Roberts,* 136 N.H. 731, 747, 622 A.2d 1225, 1236 (1993); *State v. Avery,* 126 N.H. 208, 213, 490 A.2d 1350, 1354 (1985); *State v. Whitney,* 125 N.H. 636, 639, 484 A.2d 1158, 1160 (1984). Motive does not mean a desire to engage in coerced sexual activity. *Whittaker,* 138 N.H. at 527, 642 A.2d at 938. In addition, the State did not bear the burden of proving the defendant's motive in its case in chief, and the defense did not raise an issue concerning the defendant's motive to commit the charged crimes at the pretrial hearing.

The defendant's suspended sentence was also admitted to show the defendant's motive. The State argued that the suspended sentence was so light that it provided a motive for the defendant to continue to assault his wife without fear of punishment. The trial court agreed that the sentence was admissible evidence. We are unconvinced. Two of the four charged assaults occurred after the defendant had committed the first assault and had been arrested, but before he was convicted or the sentence was decided, indicating that the sentence had no effect on the defendant's motive to commit the charged crimes.

We find no clear connection between the defendant's first conviction and sentence and his motive for continuing to sexually assault his wife as charged. Nor was the defendant's motive or his relationship with his wife seriously disputed at the pretrial hearing. The defendant's conviction and sentence, therefore, had no probative value to show the defendant's motive for sexually assaulting his wife.

We now consider the relevance of the defendant's prior conviction and sentence to prove his intent to commit the charged crimes. To be relevant to intent, evidence of other bad acts must be able to support a reliable inference, not dependent on the defendant's character or propensity, that the defendant had the same intent on the occasions of the charged and uncharged acts. We will find sufficient support for a reliable inference of intent only if the defendant's intent in committing other bad acts and the defendant's intent in the charged offenses is closely connected by logically significant factors. *See, e.g., Kendall,* 766 F.2d at 1436. Although temporal proximity alone between charged and uncharged bad acts will never support a reliable inference of shared intent, time is one factor to be considered. *See State v. Allen,* 128 N.H. 390, 397, 514 A.2d 1263, 1268 (1986).

The State offered the defendant's conviction and sentence to demonstrate the defendant's intent to overcome his wife's resistance on the subsequent occasions. The requisite intent for the crime of aggravated felonious sexual assault is that the defendant acted knowingly. *State v. Ayer,* 136 N.H. 191, 194–95, 612 A.2d 923, 925 (1992). "A person acts knowingly with respect to conduct or to a circumstance that is a material element of an offense when he is aware that his conduct is of such nature or that such circumstances exist." RSA 626:2, II(b) (1986).

The defendant was charged with sexual penetration of his victim, his wife, by the actual use of physical force or violence and superior physical strength, on three occasions, and by coercing her to submit through threats of violence that she believed he was then able to carry out, on a fourth occasion. Although the defendant did not raise the requisite intent of the crime as a defense, instead arguing that the

assaults never happened, the State bore the burden of proving that the defendant knowingly committed each element of the offenses charged. RSA 626:2, I (1986); *Ayer,* 136 N.H. at 195, 612 A.2d at 925. Consequently, the defendant's intent was sufficiently at issue, as part of the State's burden of proof, to require some evidence at trial. Thus, if the conviction and sentence tend to prove that the defendant acted knowingly on the four subsequent occasions as the indictments charged, then the evidence was relevant to prove his intent.

 ■ It is difficult, however, to separate the State's proffer to use the conviction to show that the defendant had the requisite intent to commit the same crime on four other occasions from an impermissible use to show the defendant's propensity to commit the crime and thereby imply his intent. *See Hastings,* 137 N.H. at 605, 631 A.2d at 529; *State v. Dushame,* 136 N.H. 309, 319, 616 A.2d 469, 475 (1992) (Brock, C.J., concurring in part and dissenting in part). "Such reckless generalizations may be tolerable in everyday affairs but courts are understandably reluctant to encourage their use in the jury room." 22 C. WRIGHT & K. GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 5239, at 436 (1978). The problem is that "[e]ven if the accused entertained a certain intent during a similar uncharged incident, the accused may not have formed that intent on the charged occasion." Imwinkelried, *The Use of Evidence of an Accused's Uncharged Misconduct to Prove Mens Rea,* 130 MIL. L. REV. 41, 52 (1990). In order to overcome the impermissible purpose of using the defendant's propensity to assault his wife as the relevance link to prove his intent, it is necessary to show a sufficient connection between the first assault and the subsequent charged assaults. *See Richardson,* 138 N.H. at 167–68, 635 A.2d at 1365; *Hastings,* 137 N.H. at 605, 631 A.2d at 529.

The incidents for which the defendant was charged occurred between three and a half months and almost a year and a half after the assault which resulted in his first conviction. A clear logical connection is necessary to overcome the lack of temporal proximity. *See Allen,* 128 N.H. at 397, 514 A.2d at 1268. The present case is readily distinguishable from the situation in which the charged and uncharged acts occurred so close in time and with such factual similarity to clearly sustain the inference that the acts were committed with the same intent. *See, e.g., Richardson,* 138 N.H. at 166, 635 A.2d at 1364 (evidence of defendant's threatening behavior toward the victim in the days immediately preceding the crime charged tended to show defendant's intent to terrorize the victim and keep the money taken from her).

The logical connection between the first assault and the subsequent charged acts is also strained, however. Only the fact of the first conviction and sentence was admitted into evidence, excluding the

details of the underlying assault, so that the State could not rely on the factual similarity between the first assault and the subsequent incidents to show that the defendant had formed a similar state of mind. *Cf. State v. Trainor,* 130 N.H. 371, 374, 540 A.2d 1236, 1238 (1988) (evidence of facts underlying defendant's indictment for a similar crime with a similar pattern, a "flim-flam operation," admissible to show his "knowledge that he was engaged in criminal conduct" and not the innocent dupe of others, as he claimed); *State v. Shackford,* 127 N.H. 695, 700, 506 A.2d 315, 317–18 (1986) (in a murder prosecution, evidence of the defendant's similar attack on another victim, just minutes before the murder, "was probative of the defendant's intent to stab uncooperative victims").

The lack of factual background also precluded using the conviction to show that the first assault constituted a continuing threat as an element of the subsequent assaults. *Cf. State v. Martin,* 138 N.H. 508, 518, 643 A.2d 946, 952 (1994) (evidence that the defendant abused and killed the victim's pets established "the very threat that coerced the victim to comply with the defendant's demands"); *State v. Johnson,* 130 N.H. 578, 582–84, 547 A.2d 213, 215–16 (1988) (evidence of other coerced sexual activity between the defendant and the victim admissible to show a prolonged pattern of threats and coercion constituting coercion for charged crime); *State v. Kulikowski,* 132 N.H. 281, 287, 564 A.2d 439, 443 (1989) ("explicit prior incidents [of assault by the defendant on the victim] gave rise to the threat, an element of the charged offense, at the time of the assaults").

The first conviction and sentence, without underlying facts, did not demonstrate any specific knowledge or intent that would explain the defendant's state of mind in the subsequent assaults. *Cf. State v. Simonds,* 135 N.H. 203, 207, 600 A.2d 928, 930 (1991) (evidence of defendant's prior indictments for sexually assaulting the victim admissible as probative of his specific intent "to touch her for the purpose of sexual arousal or gratification" rather than innocently); *State v. Gruber,* 132 N.H. 83, 89, 562 A.2d 156, 159 (1989) (in an insurance fraud case, evidence of defendant's relationship with the woman who "stole" his property admissible to show that he intended to deceive the insurance company); *Allen,* 128 N.H. at 397, 514 A.2d at 1268 (in a prosecution for attempted murder, evidence that defendant previously entered victim's home with loaded revolver found relevant "to the defensive claims of intended suicide and accidental shooting, . . . to the charge of purpose to kill, and to the existence of deliberation and premeditation as well").

Without the necessary clear connection between the first conviction and sentence and proof of the defendant's intent, the only probative value of the evidence is to suggest that because he sexually

assaulted his wife with the requisite intent the first time, it is likely that he acted knowingly during the four subsequent assaults. Similarly, the only probative value of the defendant's conviction and sentence to show his motive in the charged assaults is that because he had sufficient motive to assault her the first time, he was likely to have had the same motive on the subsequent occasions. We find that method of persuasion to be indistinguishable from the impermissible use of the conviction to prove the defendant's propensity to commit the charged crime in order to show that he acted in conformity therewith on the subsequent occasions. *See* N.H. R. Ev. 404(b); *Richardson,* 138 N.H. at 168, 635 A.2d at 1365.

Thus, evidence of the defendant's conviction and sentence was not relevant for a purpose other than to show his bad character or propensity to commit the crimes charged, and it was not admissible under Rule 404(b). The trial court's ruling that the conviction and sentence were admissible was error. Having found that evidence of the defendant's conviction and sentence was not relevant for the purposes for which it was admitted, we need not reach the third prong of the Rule 404(b) analysis, which considers whether the prejudicial effect of the evidence substantially outweighs its probative value.

 The error of admitting the conviction and sentence was not harmless. We have previously recognized that unfair prejudice is inherent in evidence of other similar crimes or prior convictions. *Hastings,* 137 N.H. at 605, 631 A.2d at 529; *State v. Michaud,* 135 N.H. 723, 728, 610 A.2d 354, 357 (1992); *State v. Ellison,* 135 N.H. 1, 4, 599 A.2d 477, 479 (1991). In addition, evidence of a defendant's prior criminal conviction at trial "is probably only equalled by a confession in its prejudicial impact upon a jury." *State v. Woodbury,* 124 N.H. 218, 221, 469 A.2d 1302, 1305 (1983) (quotation omitted). Because of the similarity of the conviction for assault and the charged crimes, the jury may have been persuaded to find the defendant guilty, at least in part, because he had previously sexually assaulted his wife. Even if the conviction and sentence had been relevant to prove motive *and intent,* the trial court's "limiting instruction" told the jury that the evidence could be considered as proof of motive, intent, plan, knowledge, or absence of mistake or accident, which failed to limit the potential prejudicial effect of the evidence. *See State v. Hickey,* 129 N.H. 53, 61, 523 A.2d 60, 65 (1986).

Although Andrea's testimony provided the State with a strong case, her credibility was essential to proving the four assaults. She did not report any of the four charged sexual assaults to the police until March 4, 1992, approximately three weeks after the last assault and more than a year after the first of the charged assaults occurred. As a result, there was no medical or other physical evidence of the alleged assaults.

The evidence of the defendant's conviction and sentence tended to bolster her credibility by showing that she told the truth previously when she reported the defendant for sexually assaulting her. We cannot say, beyond a reasonable doubt, that the jury's guilty verdict was unaffected by the evidence of the defendant's conviction and sentence. *See Whittaker,* 138 N.H. at 530, 642 A.2d at 940.

*Reversed and remanded.*

HORTON, J., dissented; the others concurred.

HORTON, J., dissenting: I would affirm this case. I find no error in the trial court's admission of the evidence of other bad acts. It was properly admitted on the issue of intent. The majority examines and rejects the admission of this evidence on the basis of the first prong of the Rule 404(b) test, relevancy to a permitted issue. As stated in *State v. Hastings,* 137 N.H. 601, 603, 631 A.2d 526, 528 (1993), this prong requires that the State demonstrate that the evidence to be offered is relevant for a purpose other than proving character or disposition. The rule provides examples of such valid purposes, and one such example is intent. N.H. R. EV. 404(b). "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.H. R. EV. 401. The majority acknowledges that "if the conviction and sentence tend to prove that the defendant acted knowingly on the four subsequent occasions as the indictments charged, then the evidence was relevant to prove his intent." The majority holds that the conviction for aggravated felonious sexual assault on the victim on September 4, 1990, lacks a scienter nexus with the charged aggravated felonious sexual assaults on the same victim in December 1990, November or December 1991, and February 1992. I would find such a nexus consistent with our holding in *State v. Dushame,* 136 N.H. 309, 316–17, 616 A.2d 469, 473 (1992). The "knowing" scienter is a "fact of consequence" that must be proved by the State beyond a reasonable doubt. The prior conviction of the same crime against the same victim tends to prove this scienter. *State v. Parker,* 127 N.H. 525, 532, 503 A.2d 809, 813 (1985); *see State v. Simonds,* 135 N.H. 203, 207, 600 A.2d 928, 930 (1991); *State v. Hood,* 131 N.H. 606, 608, 557 A.2d 995, 996 (1989); *State v. Hickey,* 129 N.H. 53, 61, 523 A.2d 60, 65 (1986).

The majority rejects the inference of scienter arising from the conviction, even though the evidence of conviction otherwise may be relevant, by saying that the inference can only be based on character and disposition, and thus invades the forbidden territory in Rule

404(b). I respectfully disagree with this conclusion. Proof of intent is the object permitted by the rule. The fact the inferential path to this object was in some way based on, or influenced by, evidence tending to show bad character or disposition to commit the crime is of no consequence under the rule. This fact is meaningful only when the target of the evidence is the proof of bad character or disposition. The jury was charged to make this distinction. The majority's position seems to be based on the principle that where the evidence tends to prove bad character and disposition, it must be rejected. All prior bad act evidence tends to prove bad character and disposition, but the relevancy test in the rule is clear. Evidence of other bad acts *is* admissible if relevant to prove issues other than character and disposition. The fact that it *also* proves issues of character and disposition is not a proper consideration in application of the relevancy prong. It is the third prong of the test, not the relevancy prong, that requires balancing the probative value of the evidence to prove intent or scienter with the prejudice engendered by the evidence treading upon the forbidden ground of character and disposition. This third prong is uniquely within the sound discretion of the trial court. *Dushame,* 136 N.H. at 317, 616 A.2d at 473. I would not hold that discretion abused.

The trial court erred in instructing the jury that the bad acts evidence could be used for the laundry list of permissible purposes stated in Rule 404(b). *Hickey,* 129 N.H. at 61, 523 A.2d at 65. Although finding error and holding it not harmless beyond a reasonable doubt, *Hickey,* in my view, does not create a *per se* rule that such error is prejudicial. It requires a determination, under the circumstances of each case, whether the use of the forbidden laundry list, in fact, resulted in a reasonable doubt based on the existence of harm. *Id.* at 61–62, 523 A.2d at 65–66. Upon consideration of the record in this case, I would hold that the error was harmless beyond a reasonable doubt. *See State v. Ruelke,* 116 N.H. 692, 694, 366 A.2d 497, 498 (1976).