Hillsborough-northern judicial district
No. 93-072

# THE STATE OF NEW HAMPSHIRE

v.

# DAVID MCGLEW

May 23, 1995

*Jeffrey R. Howard,* attorney general (*John A. Stephen,* assistant attorney general, on the brief and orally), for the State.

*Gary Apfel,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J. The defendant, David McGlew, was convicted after a jury trial in Superior Court (*Conboy,* J.) of attempted felonious sexual assault pursuant to RSA 629:1 (1986) and RSA 632-A:3 (1986). On appeal, the defendant argues that the trial court erroneously admitted evidence of an uncharged, prior sexual assault under New Hampshire Rule of Evidence 404(b). We reverse and remand.

The defendant was accused of attempting to assault sexually a nine-year-old girl in March 1991. At that time, the defendant was visiting with the complainant's family in Peterborough. One evening during the period of his visit, the defendant babysat the complainant while her mother was out of the home.

At trial, the complainant testified to the following. She was watching a movie on television when the defendant came into the living room with the zipper to his pants undone. He asked the complainant to lie on top of him on the couch and he rubbed her chest through her clothing. The defendant was moving his hand slowly toward her genital area when the complainant took his hand off of her and left the couch.

Over defense counsel's objection, the court, pursuant to New Hampshire Rule of Evidence 404(b), allowed the State to introduce

testimony of a young boy who claimed to have been sexually assaulted by the defendant when the boy was four and one-half years old. This alleged assault occurred in 1985, approximately six years before the incident for which the defendant was convicted. The Commonwealth of Massachusetts had brought charges against the defendant stemming from the allegations made by the boy but later entered a *nolle prosequi* because the prosecution had "no credible evidence" against the defendant. The trial court allowed the testimony, finding it relevant to the issues of opportunity, plan, and the defendant's intent. On appeal, the State has abandoned all bases of admissibility save intent.

■■ The decision to admit "bad acts" evidence lies within the trial court's sound discretion and will be overturned only if the defendant can show that the decision was clearly untenable or unreasonable to the prejudice of his case. *State v. Whittaker*, 138 N.H. 524, 526–27, 642 A.2d 936, 938 (1994). This court has articulated a three-part test to assess the admissibility of such evidence under Rule 404(b). The evidence must be relevant for a purpose other than proving the defendant's character or disposition; there must be clear proof that the defendant committed the act; and the probative value of the evidence must not be substantially outweighed by its prejudice to the defendant. *Id.* at 526, 642 A.2d at 938; *see* N.H. R. Ev. 403.

■ Furthermore, to be relevant, prior bad acts must be in some significant way connected to material events constituting the crime charged and not so remote in time as to eliminate the nexus. *See State v. Allen*, 128 N.H. 390, 397, 514 A.2d 1263, 1268 (1986); *cf. State v. Richardson*, 138 N.H. 162, 167, 635 A.2d 1361, 1365 (1993) (*subsequent* bad act evidence "must be fairly close in time and in some significant way connected to material events constituting the crime charged").

■ Notwithstanding the defendant's contention to the contrary, when intent is not conceded by the defense, and it is an element of the crime to be proven by the State, it is sufficiently at issue to require evidence at trial. *State v. Bassett*, 139 N.H. 493, 500, 659 A.2d 891, 896 (1995). Therefore, other bad acts evidence is not categorically excluded, as it would be were the issue of intent not contested. *See id.* at 497, 569 A.2d at 894; N.H. R. Ev. 401, 402.

■ In this case, the court admitted testimony concerning an event that allegedly occurred six years prior to the charged act and involved different sexual acts with a victim of a different sex from the instant complainant. We hold that this evidence does not meet the requirement that prior bad acts evidence be in some significant way connected to material events constituting the crime charged and not so remote in time as to eliminate the nexus. *See Allen,* 128 N.H. at 397, 514 A.2d at

1268; *see also Whittaker,* 138 N.H. at 528, 642 A.2d at 939 (five-year-old sexual assault committed in somewhat similar manner not evidence of plan under Rule 404(b)). Accordingly, we conclude that the admission of the young boy's testimony in the instant case constituted an abuse of the trial court's discretion because the testimony was not legally relevant to the defendant's intent. *See Whittaker,* 138 N.H. at 528, 642 A.2d at 939.

We recognize that the rules of evidence and the sound discretion of the trial courts are usually sufficient to settle questions of admissibility. *See Fenlon v. Thayer,* 127 N.H. 702, 708, 506 A.2d 319, 323 (1986) (civil context). Recent developments, however, demonstrate a need to give guidance to the trial courts on the admissibility of evidence under Rule 404(b). *See, e.g., Whittaker,* 138 N.H. 524, 642 A.2d 936; *Richardson,* 138 N.H. 162, 635 A.2d 1361; *Hastings,* 137 N.H. 601, 631 A.2d 526; *State v. Blackey,* 137 N.H. 91, 623 A.2d 1331 (1993); *State v. Roberts,* 136 N.H. 731, 622 A.2d 1225 (1993).

Rule 404(b) allows for the admission of evidence of "other crimes, wrongs, or acts" for purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." N.H. R. Ev. 404(b). This court has warned against the mechanical recitation of intent, or other permissible Rule 404(b) grounds, "as the password for admissibility." *Hastings,* 137 N.H. at 606, 631 A.2d at 530. The rule requires more. As the Supreme Court of Michigan has noted in interpreting Michigan's predecessor statute to Rule 404(b):

> Experience in the trial courtroom and review of trial records on appeal suggest rather incontrovertibly that, when asked by the trial judge to specify the grounds for admission of similar-acts evidence, prosecutors often loose a "shotgun" fusillade of reasons which typically include most, if not all, of the purposes named in the statute. Such a response hints, of course, if it does not demonstrate, that the prosecutor . . . is unclear as to precisely why the evidence is or is not admissible.

*People v. Golochowicz,* 319 N.W.2d 518, 523–24 (Mich. 1982) (footnote omitted). Our experience has been similar. *See State v. Hickey,* 129 N.H. 53, 56, 523 A.2d 60, 62–63 (1986).

We have "strongly encourage[d] the trial court[s] to assist our review by making specific findings to support [their] evidentiary rulings . . . ." *State v. Simonds,* 135 N.H. 203, 207, 600 A.2d 928, 930 (1991) (quotation omitted). In *Simonds,* we stated that the failure to do so would not, *per se,* require reversal. *Id.* However, "[m]indful of the uncertainties spawned by continued litigation, and aware of the

importance of a smooth functioning criminal justice system, we . . . exercise our supervisory [authority] over the trial courts of New Hampshire . . . and . . . instruct those courts" on this troublesome issue. *State v. Wentworth,* 118 N.H. 832, 838, 395 A.2d 858, 862 (1978). As Judge Weinstein has explained, "[t]he more reason there is in the decision to admit or exclude [Rule 404(b) evidence], the more apt it is to be fair. Both bench and bar benefit at trial if critical questions of admissibility are exposed and reasons clearly stated." 2 J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE ¶ 404[08], at 404–5 (1994).

■ In setting forth principles to assist the trial courts, we look to the purposes underlying Rule 404(b) as well as decisions of other jurisdictions on this issue. "The purpose of Rule 404(b) in a criminal trial is to ensure that the defendant is tried on the merits of the crime as charged and to prevent a conviction based on evidence of other crimes or wrongs." *Bassett,* 139 N.H. at 496, 659 A.2d at 894. Evidence of other wrongs is inherently prejudicial, *Hickey,* 129 N.H. at 62, 523 A.2d at 66, and increases the likelihood that a jury will decide the case on an improper basis. The concern that a defendant might be convicted because of his character is the gravamen of Rule 404(b). *See generally* Imwinkelried, *The Use of Evidence of an Accused's Uncharged Misconduct to Prove Mens Rea,* 130 MIL. L. REV. 41 (1990).

■ ■ The party offering evidence bears the burden to make an offer of proof to show the relevance of the evidence offered. *State v. Chaisson,* 123 N.H. 17, 29, 458 A.2d 95, 102 (1983). Thus, the State has the burden, in a criminal case, to demonstrate the admissibility of evidence of other bad acts committed by the defendant. *See United States v. Biswell,* 700 F.2d 1310, 1317 & n.5 (10th Cir. 1983). One court has articulated the prosecution's burden thus:

> [W]here evidence is offered under Rule 404(b), the Government bears the burden of showing how the proffered evidence is relevant to one or more issues in the case. The . . . standard is clear. The Government must articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the evidence of other acts. In addition, the trial court must specifically identify the purpose for which such evidence is offered and a broad statement merely invoking or restating Rule 404(b) will not suffice.

*United States v. Kendall,* 766 F.2d 1426, 1436 (10th Cir. 1985), *cert. denied,* 474 U.S. 1081 (1986) (citation omitted) (decided under Federal Rules of Evidence). We agree with this standard. *See Bassett,* 139 N.H. at 497, 659 A.2d at 894. We hold that the State, in offering evidence of

other wrongs under Rule 404(b), must state the specific purpose for which the evidence is offered and must articulate the precise chain of reasoning by which the offered evidence will tend to prove or disprove an issue actually in dispute, without relying upon forbidden inferences of predisposition, character, or propensity. *See Hastings,* 137 N.H. at 606, 631 A.2d at 530; Imwinkelried, *supra.*

 Furthermore, the trial court must articulate for the record the theory upon which the evidence is admitted. Whether the court adopts the State's theory, a variation, or an alternative, the court must explain precisely how the evidence relates to the disputed issue, without invoking propensity. Of course, evidence tending only to prove or disprove an issue not actually in dispute is irrelevant and inadmissible under Rule 402. *See Whittaker,* 138 N.H. at 527, 642 A.2d at 938.

The record shall also reflect the considerations underlying a trial court's balancing of the other bad act evidence's probative value against its prejudice to the defendant. *See United States v. Lebovitz,* 669 F.2d 894, 901 (3rd Cir.), *cert. denied,* 456 U.S. 929 (1982); *id.* at 902–03 (Adams, J., concurring). While the balancing test must, to some extent, depend upon the specific factual context of each case, some general rules are apparent.

The Supreme Court of our sister State, Vermont, has described accurately the type of prejudice that the virtually identical Vermont Rules of Evidence 404(b) and 403 are intended to guard against:

> Evidence is unfairly prejudicial if its primary purpose *or effect* is to appeal to a jury's sympathies, arouse its sense of horror, provoke its instinct to punish, or trigger other mainsprings of human action that may cause a jury to base its decision on something other than the established propositions in the case.

*State v. Bruyette,* 604 A.2d 1270, 1274 (Vt. 1992) (brackets and quotations omitted) (emphasis added).

 In weighing prejudice, a trial court must consider for the record the nature of the other bad act. Some acts have a great emotional impact upon a jury and have greater potential for appealing to a juror's sense of resentment or outrage. *See* 2 J. WEINSTEIN & M. BERGER, *supra* ¶ 404[18], at 404–116 to –118; *United States v. Beechum,* 582 F.2d 898, 914 (5th Cir. 1978) (en banc), *cert. denied,* 440 U.S. 920 (1979); *cf. United States v. Greenwood,* 796 F.2d 49, 53 (4th Cir. 1986) ("[f]alsified financial statements generally do not cause such unfair inflammatory reactions"). Accordingly, such evidence must possess significantly greater probative value to be admissible.

The probative value of the other bad act evidence must also be considered in the context of its "incremental" value: trial courts must

consider the extent to which the issue "is established by other evidence, stipulation, or inference." *Beechum,* 582 F.2d at 914. This includes both admitted *and admissible* evidence. *See id.* at 914 n.18. "Thus, if the Government has a strong case on the [disputed] issue, the extrinsic offense may add little and consequently will be excluded more readily." *Id.* at 914; *see State v. Dushame,* 136 N.H. 309, 319–20, 616 A.2d 469, 475 (1992) (Brock, C.J., concurring in part and dissenting in part).

Thorough consideration of these factors, on the record, will help both this court and the trial courts negotiate this thorny area of the law of evidence.

*Reversed and remanded.*

HORTON, J., dissented; the others concurred.

HORTON, J., dissenting: I would find the admission of the other bad acts evidence to be proper. There is a nexus between the prior act of child sexual abuse and the charged act of attempted felonious sexual assault on a child. This nexus is not seriously diluted by the difference in sex of the victim or the time elapsing between the incidents. The circumstances of the case and the nature of the charge make intent a serious issue in the case. I have written all I intend to, in other cases, to support the legal position underlying my conclusion in this case. *See State v. Bassett,* 139 N.H. 493, 503, 659 A.2d 891, 898 (1995) (Horton, J., dissenting); *State v. Whittaker,* 138 N.H. 524, 530, 642 A.2d 936, 940 (1994) (Horton, J., dissenting). I would affirm the trial court.

I agree with the majority's supervisory ruling, where a Rule 404(b) determination is made, that the trial court specifically identify the purpose or purposes asserted for admission which it considered, identify the nexus between the prior act and the charged act which is relevant to the considered purpose, describe the specific logical path followed to establish that nexus, relate the considerations which enter into the weighing of probative value versus prejudice, and disclose how these considerations were used to determine whether the prejudice inherent in the proposed evidence substantially outweighs its probative value. This requirement will impose discipline on the parties and the trial court, a discipline not devoid of real effort, but well warranted by the importance of these evidentiary matters. The discipline will also be of considerable assistance to this court.

While agreeing with the procedure, I take issue with the standard imposed for reporting of the inferential path. The majority requires articulation of a "precise chain of reasoning" to show the nexus between the prior act and the charged act, and requires that this chain not rely on the "forbidden inferences" of character and propensity. Nowhere do I find any such inferences forbidden. In the rule I find forbidden purposes. Thus, proving bad character or propensity to

512

forbidden purposes. Thus, proving bad character or propensity to commit the crime is forbidden. The prohibited purpose is showing that the defendant is a bad person in the abstract, or that the defendant has a propensity to commit the crime, without regard to other items of required proof. Most prior bad acts will certainly tend to prove bad character or disposition to do wrong. The fact that this is so, and even that this effect has a logical bearing on the inferential path to the proof of the permitted issue, does not make admission to prove matters other than character and propensity a violation of Rule 404(b). To the extent that the inferential path may be compromised by a showing of bad character and or propensity to do bad, this will be developed in the articulation of the inferential path and will be appropriate in consideration of the balance between proof and prejudice. I would endorse the procedure without the limiting standard.