Belknap
No. 94-114

# THE STATE OF NEW HAMPSHIRE

## v.

## DONALD CARTER

July 19, 1995

*Jeffrey R. Howard*, attorney general (*Cynthia L. White*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, *Rebecca A. Thorne*, public defender, of Stratham, and *Lawrence Vogelman*, public defender, of Concord (*Mr. Duggan* and *Ms. Thorne* on the brief, and *Mr. Vogelman* orally), for the defendant.

JOHNSON, J. A jury in the Superior Court (*O'Neil*, J.) found the defendant, Donald Carter, guilty of aggravated felonious sexual assault, RSA 632-A:2 (1986). The defendant argues that the trial court abused its discretion by allowing the State, pursuant to New Hampshire Rule of Evidence 404(b), to introduce evidence that he had perpetrated other sex-related crimes upon the victim. We reverse and remand.

In 1993, the State charged the defendant with sexually penetrating his stepdaughter, Michelle B., sometime between August 1984 and August 1985, when she was fourteen years old. The defendant filed a pretrial motion asking the court to exclude evidence of sexual misconduct for which he had not been charged. The anticipated evidence included testimony about the ongoing sexual abuse of Michelle, her sister, and her cousin. The Superior Court (*Smukler*, J.) granted the motion only in part and ordered the State to refrain from introducing evidence of sexual misconduct involving victims other than Michelle. The court justified its decision to allow evidence of prior bad acts involving Michelle by explaining that in light of the long history of sexual abuse by the defendant, "to argue that [the charged aggravated felonious sexual assault] happened in a vacuum, just happened and then nothing else happened before or after, is ludicrous."

On the day of trial, the defendant renewed his motion to exclude the prior bad act evidence, but the Superior Court (*O'Neil*, J.) refused to reconsider the issue. In his opening statement, therefore, the defendant denied the charged act but admitted that he had sexually abused Michelle when she was a child. He claimed that this abuse did not entail sexual penetration and that it ended in 1981 after his wife learned of his behavior. He argued that Michelle fabricated the charged act because she knew that the statute of limitations would bar the State from prosecuting sexual assaults committed before 1981.

The court allowed the State to introduce detailed testimony regarding the defendant's ongoing sexual abuse of Michelle. Michelle testified that when she was a young child the defendant would perform cunnilingus on her, force her to perform fellatio on him, force her to lick or touch his penis, sexually penetrate her with his fingers and penis, ask her to look at pornographic magazines, fondle her breasts, stick his tongue in her mouth, and rub his pelvis against her. She testified that some form of sexual abuse would occur every time her mother left the house. She also testified that the defendant would sneak into her bedroom at night and either fondle her breasts or sexually penetrate her.

After the State introduced this evidence of the defendant's prior sexual misconduct, the defendant once again renewed his motion to exclude the testimony, arguing that its prejudicial effect was "overwhelming" and substantially outweighed its probative value. The court denied the motion.

The State proceeded to elicit testimony about the act for which the defendant was indicted. Michelle then testified about sexual misconduct that occurred after the charged incident. She also testified about her mother's reaction upon learning of the ongoing sexual abuse in 1981:

> [S]he told me that we had to keep it a secret, that other people couldn't know about it, because if other people found out, like my grandfather, that he had a bad temper, and he would try to kill him, and he would go to jail, and it would be my fault if my grandfather went to jail and if my stepfather died. She told me not to say anything to anyone else because people wouldn't understand, that it was a bad thing and I shouldn't talk about it. . . . [S]he got angry, I was scared. And I felt like I had done something wrong and that I never should have told her and that my stepfather was going to be mad at me and that she was going to be mad at me and that she was going to leave me, and I was afraid to talk about it anymore.

Michelle's mother testified that in 1981 the defendant had admitted to sexually abusing her daughter, but that she did not leave the defendant because she was financially dependent on him and because she did not want her father to learn of the defendant's behavior. The jury found the defendant guilty of aggravated felonious sexual assault.

"The decision to admit 'bad acts' evidence lies within the trial court's sound discretion and will be overturned only if the

defendant can show that the decision was clearly untenable or unreasonable to the prejudice of his case." *State v. McGlew*, 139 N.H. 505, 507, 658 A.2d 1191, 1193 (1995).

On appeal, the defendant argues that because the earlier abuse of Michelle was not in dispute, the trial court abused its discretion by "admitting numerous and detailed acts of sexual misconduct." He contends that the State improperly used the testimony to prove the defendant's propensity to commit sexual assaults on his stepdaughter "by failing to limit testimony to the stated purpose of establishing context and instead eliciting detailed and lengthy testimony from the victim about numerous incidents of prior abuse."

■ The State counters that the challenged testimony was relevant because it clarified the relationship between the parties and the context of the charged crime, and because it explained why the victim submitted to the charged crime and why she waited eight years to report the abuse. The State also argues that the evidence was admissible to show the defendant's motive to commit the charged crime, *i.e.*, that he was sexually attracted to Michelle. The State contends that the court minimized the danger of unfair prejudice by excluding evidence that the defendant sexually abused Michelle's sister and cousin and by giving the jury a limiting instruction regarding the permissible uses of the prior bad acts evidence.

Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

"The purpose of Rule 404(b) in a criminal trial is to ensure that the defendant is tried on the merits of the crime as charged and to prevent a conviction based on evidence of other crimes or wrongs." *State v. Bassett*, 139 N.H. 493, 496, 659 A.2d 891, 894 (1995).

■ "Evidence of other bad acts is only admissible if relevant for a purpose other than to prove the defendant's character or disposition, if there is clear proof the defendant committed the other acts, and if the prejudice to the defendant does not substantially outweigh the probative value of the evidence." *State v. Kirsch*, 139 N.H. 647, 654, 662 A.2d 937, 942 (1995).

The defendant does not argue that the State lacked clear proof that he committed the prior bad acts. *See Whittaker*, 138 N.H. at 526, 642 A.2d at 938.

We will assume, *arguendo*, that evidence of the defendant's prior sexual abuse of his stepdaughter was relevant for a permissible purpose under Rule 404(b). Nevertheless, the challenged testimony was unfairly prejudicial. "Unfair prejudice is an undue tendency to induce a decision against the defendant on some improper basis, commonly one that is emotionally charged." *State v. Dushame*, 136 N.H. 309, 318-19, 616 A.2d 469, 474 (1992) (Brock, C.J., concurring in part and dissenting in part) (quotation and ellipses omitted). "Particularly pertinent to determining [the balance between prejudice and probative worth] is whether the evidence is relevant to prove an issue that is actually in serious dispute." *State v. Richardson*, 138 N.H. 162, 166, 635 A.2d 1361, 1364 (1993).

The defendant admitted to having abused Michelle when she was a small child and defended on the theory that he stopped abusing her after 1981. This admission rendered unnecessary Michelle's extended and descriptive recitation of the past sexual abuse to which she had been subjected by the defendant. *See State v. Hickey*, 129 N.H. 53, 60, 523 A.2d 60, 65 (1986).

Even if we assume that limited testimony regarding the defendant's sexual mistreatment of Michelle during her childhood and her mother's reaction to the ongoing abuse would have assisted the jury, the trial court did not adequately restrict this evidence. The graphic and detailed testimony regarding past child molestation by the defendant mainly obscured the charged offense and may have tempted the jury to condemn the defendant for uncharged felonies. *See id.* at 59, 523 A.2d at 64. The excessive testimony regarding prior bad acts also may have induced the jury to conclude that because the defendant had sexually abused the victim before 1981, he probably committed the charged aggravated felonious sexual assault. *See State v. Blackey*, 137 N.H. 91, 96, 623 A.2d 1331, 1334 (1993). Rule 404(b) was designed to avoid these improper uses of prior bad acts evidence. *See id.* Given the odious and provocative nature of the defendant's prior sexual mistreatment of his stepdaughter, "cautionary or limiting instructions would not have been able to erase the taint of the prejudicial evidence," *State v. Woodbury*, 124 N.H. 218, 221, 469 A.2d 1302, 1305 (1983) (quotation omitted); *cf. McGlew*, 139 N.H. at 510, 658 A.2d at 1195 (unfair

prejudice results if effect of evidence "is to appeal to a jury's sympathies, arouse its sense of horror, provoke its instinct to punish, or trigger other mainsprings of human action that may cause a jury to base its decision on something other than the established propositions of the case" (quotation omitted)).

We conclude that because the defendant admitted to some past sexual abuse, any probative value of Michelle's testimony was substantially outweighed by its prejudice. The State does not argue the admission of this evidence was harmless error, and the defendant is entitled to a new trial. *See State v. Vachon*, 139 N.H. 540, 544, 659 A.2d 426, 429 (1995).

*Reversed and remanded.*

All concurred.