Cheshire
No. 98-834

## THE STATE OF NEW HAMPSHIRE

### v.

### RICHARD PELKEY

July 5, 2000

*Philip T. McLaughlin*, attorney general (*Douglas N. Jones*, assistant attorney general, on the brief and orally), for the State.

*Behzad Mirhashem*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

GROFF, J. The defendant, Richard Pelkey, was convicted after a jury trial in Superior Court (*Arnold*, J.) of driving while intoxicated, second offense. *See* RSA 265:82 (Supp. 1999); RSA 265:82-b, II(a) (Supp. 1999). On appeal, he argues that the trial court erred in admitting a statement he made as he was leaving the police station. We reverse and remand.

The following facts were adduced at trial. On March 10, 1998, at approximately 1:00 a.m., Keene Police Officer Peter Thomas followed the defendant as he drove out of the parking lot of a local club. After following him for approximately two miles, Officer Thomas stopped the defendant for excessive speed: to wit, approximately forty-five miles per hour in a thirty mile-per-hour zone. Officer Thomas observed no other erratic driving behavior.

When asked, the defendant produced his license, but not his registration. Following two more requests for the registration, the defendant remarked, "It's the same as that." Officer Thomas noticed that the defendant smelled strongly of alcohol and had reddened eyes and a flushed face.

Upon request, the defendant exited his vehicle. He locked the door, slammed it shut, and said, "There, you won't get that." The defendant angrily and repeatedly told Officer Thomas that he would not perform field sobriety tests. However, he subsequently agreed to do so. The defendant unsuccessfully performed three field

sobriety tests in a "half-hearted" manner, and appeared to be agitated. He also called Officer Thomas and the other officers vulgar names.

Officer Thomas attempted to arrest the defendant for driving while intoxicated. The defendant denied consuming alcohol and assumed a fighting stance. Eventually, he submitted to arrest. The defendant's truck was later towed as it contained many personal effects, including the defendant's wallet.

While at the police station, the defendant's mood fluctuated. At times, he was upset and uncooperative. He refused to take a breathalyzer test, repeat field sobriety tests, or complete paperwork. When the defendant was later released and was leaving the police station, he told Officer Thomas that "he had $500 that was in his wallet, that the $500 was proceeds from his drug sales and that it better be in the truck when he picked up his truck the next day."

At trial, the defendant objected to the admissibility of this statement under New Hampshire Rules of Evidence 401, 403, and 404(b). The court overruled the objection, concluding that Rule 404(b) was inapplicable, that the evidence was relevant to the issue of intoxication, and that the probative value of the statement outweighed its prejudicial effect. The court instructed the jury that it could consider the statement only in determining whether the defendant was impaired. The jury returned a guilty verdict. This appeal followed.

█ The defendant first argues that the statement was irrelevant to prove that he was under the influence of alcohol. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.H. R. EV. 401. The determination of the relevance of evidence is a matter within the trial court's sound discretion, and we will not overturn such a determination absent an abuse of discretion. *See State v. Walsh*, 139 N.H. 435, 436, 655 A.2d 912, 913 (1995). To show an abuse of discretion, the defendant must demonstrate that the court's ruling "was clearly untenable or unreasonable to the prejudice of his case." *State v. Hokanson*, 140 N.H. 719, 721, 672 A.2d 714, 715 (1996) (quotation omitted).

The only disputed issue at trial was whether the defendant was intoxicated. The State argues that the statement corroborates the defendant's hostile and uncooperative attitude, and that his attitude was consistent with intoxication. We agree. The defendant's statement is relevant as it could have been interpreted by the jury as

further evidence of his impaired condition, because the jury could find that if he were not impaired he would not have disclosed his "drug dealer status."

The defendant next argues that the statement was unfairly prejudicial under New Hampshire Rule of Evidence 403. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.H. R. Ev. 403. "The trial court is accorded considerable deference in its determination of whether the prejudice substantially outweighs the probative value," *State v. Tarsitano*, 134 N.H. 730, 735-36, 599 A.2d 474, 477 (1991) (quotation omitted), and we will not disturb its decision absent an abuse of discretion, *State v. Marti*, 140 N.H. 692, 694, 672 A.2d 709, 711 (1996).

> Evidence is unfairly prejudicial if its primary purpose or effect is to appeal to a jury's sympathies, arouse its sense of horror, provoke its instinct to punish, or trigger other mainsprings of human action that may cause a jury to base its decision on something other than the established propositions in the case.

*State v. McGlew*, 139 N.H. 505, 510, 658 A.2d 1191, 1195 (1995) (quotation and emphasis omitted). The danger of unfair prejudice "bear[s] directly upon the fairness of the trial and the integrity of the system." N.H. R. Ev. 403 Reporter's Notes.

In this case, a danger of unfair prejudice arose from the possibility that the jurors may have concluded that the defendant's statement was true and treated him unfairly because they believed he was a drug dealer. This is just the type of unfair prejudice that Rule 403 seeks to avoid. *Cf. McGlew*, 139 N.H. at 509, 658 A.2d at 1195 (evidence of other wrongs is inherently prejudicial and increases likelihood that jury will decide case on improper basis). The other evidence of the defendant's hostile behavior was, of course, prejudicial. That evidence, however, had significantly less prejudicial effect than the inference that the defendant is a drug dealer.

■ Because of the very nature of the defendant's statement, its potential for prejudice is extreme. This prejudice substantially outweighs the statement's limited probative value regarding the defendant's impairment. Accordingly, we find that the trial court abused its discretion in admitting the statement.

The trial court instructed the jury at the end of the trial that it could consider the statement "only for the purpose of . . . deter-

mining whether [the defendant] was impaired." While juries are presumed to follow instructions, *State v. Stayman*, 138 N.H. 397, 403, 640 A.2d 771, 775 (1994), in some cases, due to the odious nature of the evidence, "cautionary or limiting instructions would not have been able to erase the taint of the prejudicial evidence," *State v. Carter*, 140 N.H. 1, 5, 662 A.2d 289, 291 (1995) (quotation omitted); *see State v. Woodbury*, 124 N.H. 218, 221, 469 A.2d 1302, 1305 (1983). We conclude that the defendant's statement is of such a nature.

■ The State finally argues that even if admission of the statement was error, it was harmless. In order to prove harmless error, the State must establish beyond a reasonable doubt that the error did not affect the verdict. *See State v. MacArthur*, 138 N.H. 597, 599, 644 A.2d 68, 69 (1994).

> The evaluation of whether this standard has been achieved involves consideration of the alternative evidence presented at trial, and of the character of the inadmissible evidence itself. An error may be harmless beyond a reasonable doubt if the alternative evidence of the defendant's guilt is of an overwhelming nature, quantity, or weight, and if the inadmissible evidence is merely cumulative or inconsequential in relation to the strength of the State's evidence of guilt.

*State v. Vandebogart*, 139 N.H. 145, 157-58, 652 A.2d 671, 679 (1994) (quotations and citations omitted).

We find that the strength of the alternative evidence in this case was not overwhelming. There was no evidence of the defendant's blood alcohol concentration on the night in question. Further, the officer who stopped the defendant observed no erratic operation other than unreasonable speed.

While two officers testified to an odor of alcohol, reddened eyes, and a flushed face, defense counsel offered alternative explanations, other than intoxication, for each of these characteristics. Defense counsel also attacked the accuracy of the field sobriety tests based on the testing conditions, the weather, and the defendant's physical traits.

It appears from the record, moreover, that the sole reason the officer decided to follow the defendant at 1:00 a.m. on the night in question was his observation of the defendant leaving the club. The fact that the officer followed the defendant for two miles before he found a reason to stop him is significant.

■ Further, admission of the statement was not inconsequential. The State specifically addressed the statement in its closing argu-

ment, reinforcing its significant prejudicial impact. *Cf. State v. Hennessey*, 142 N.H. 149, 159, 697 A.2d 930, 937 (1997) (fact that prosecutor did not specifically mention evidence in closing argument contributed to determination that its admission was harmless). Based on all of the relevant considerations, we conclude that the State failed to establish beyond a reasonable doubt that admission of the defendant's statement did not affect the verdict.

*Reversed and remanded.*

BROCK, C.J., and HORTON and BRODERICK, JJ., did not sit; GRAY, J., retired superior court justice, and MCHUGH and GROFF, JJ., superior court justices, sat by special assignment under RSA 490:3; all who sat concurred.