Concord District Court
No. 99-634

### THE STATE OF NEW HAMPSHIRE

v.

### MICHAEL A. BREWSTER

Argued: February 6, 2002
Opinion Issued: April 29, 2002

*Philip T. McLaughlin*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*Carl D. Olson*, assistant appellate defender, of Littleton, by brief and orally, for the defendant.

BROCK, C.J. The defendant, Michael A. Brewster, appeals his conviction of harassment, RSA 644:4, I(e) (Supp. 2001), following a jury trial in Concord District Court (*Robbins*, J.). He argues that the trial court erred in admitting evidence of prior bad acts pursuant to New Hampshire Rule of Evidence 404(b) and refusing to determine whether to suspend the defendant's deferred sentence on the basis that it had no jurisdiction. We affirm in part, reverse in part and remand.

The record supports the following facts. The defendant was the subject of a court order for payment of child support. The victim, Gail Kirouac, a child support enforcement officer of the New Hampshire Division of Child Support Services (DCSS), had been responsible for the defendant's case since 1992.

In 1999, the defendant called DCSS to speak to a supervisor. The receptionist, Carla Burgess, informed him that all of the supervisors were unavailable. She suggested that he speak to Kirouac. The defendant started to yell and stated that he wanted to speak to a supervisor. Burgess repeated that he should speak to Kirouac. Again, the defendant began to yell and then stated, "I want to shoot her." He immediately hung up the phone. Burgess informed one of her supervisors of the incident and he called the police department and informed Kirouac of the incident. Kirouac, who was frightened and nervous, ended a meeting she was in and left work. Consequently, the defendant was charged with one count of harassment, RSA 644:4, I(e), and two counts of criminal threatening, RSA 631:4, I(b) (1996).

Prior to trial, the defendant moved to suppress, among other things, proffered evidence of a bad act that occurred two years earlier. At issue was whether the following evidence of the defendant's prior bad act could be introduced at trial through the testimony of Kirouac. In August 1997, after a show cause hearing for payment of support, at which the defendant was ordered to pay $500, the defendant waited for Kirouac and started to follow her in the courthouse. As he got closer to Kirouac and she began to back up, court bailiffs intervened and told the defendant he had to leave. As the bailiffs walked the defendant to the door, he turned to Kirouac, pointed his finger at her and said, "No wonder people like you get shot." After a hearing, the trial court admitted the evidence under Rule 404(b), holding that it was "both relevant and probative on the issue of whether [the defendant] acted . . . purposely . . . in the present cases."

A jury found the defendant guilty of the harassment charge and acquitted him on the two criminal threatening charges. He was sentenced to nine months in the house of correction, with 164 days stand committed and the remainder deferred for six months on the condition of good behavior. This appeal followed.

While the appeal was pending in this court, six months from the date of sentencing lapsed. The defendant, therefore, requested the trial court to determine whether he had satisfied the terms of his deferred sentence and to suspend the sentence if it found he had. The trial court denied his request, stating that "the appeal stays all further proceedings in this Court in regard to matters of sentencing supervision since [the defendant's] appeal challenges the validity of his conviction and therefore the validity of the sentence. The trial court should not be supervising a sentence which [the defendant's] appeal essentially argues was wrongfully imposed."

On appeal, the defendant argues that: (1) the trial court erroneously admitted the evidence of the prior threatening behavior pursuant to Rule 404(b); and (2) the trial court erred when it ruled that it lacked authority to suspend the defendant's deferred sentence.

The defendant argues that the trial court erred in admitting evidence of prior bad acts to prove the charge of harassment because it was offered to prove his propensity to act threateningly. The trial court's ruling, reviewable only for an unsustainable exercise of discretion, is reversible only if clearly untenable or unreasonable to the prejudice of the defendant's case. *See State v. Richardson*, 138 N.H. 162, 165-66 (1993); *cf. State v. Lambert*, 147 N.H. 295, 295 (2001) (explaining unsustainable exercise of discretion standard).

Rule 404(b) provides:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

██ ██ Prior bad acts evidence is admissible when it is relevant for a purpose other than proving the defendant's character or disposition; there is clear proof that the defendant committed the act; and the probative value of the evidence is not substantially outweighed by its prejudice to the defendant. *See State v. McGlew*, 139 N.H. 505, 507 (1995). The State bears the burden of demonstrating the relevance of the prior bad acts. *See McGlew*, 139 N.H. at 509. The defendant challenges the trial court's decision with respect to the first and third prongs.

██ The defendant argues that because his propensity was an essential link in making the evidence relevant to show intent and motive, it was not admissible under Rule 404(b). "To be relevant to intent, evidence of other bad acts must be able to support a reliable inference, not dependent on the

defendant's character or propensity, that the defendant had the same intent on the occasions of the charged and uncharged acts." *State v. Bassett*, 139 N.H. 493, 499 (1995).

In *Richardson*, the defendant was convicted of, among other things, criminal threatening. *See Richardson*, 138 N.H. at 163. Over the defendant's objection, the trial court admitted evidence of his prior acts of threatening and violent behavior towards the victim. *See id.* at 164. We found that evidence of the defendant's previous threatening behavior against the victim "was relevant to and probative of his intent towards [the victim] and her own state of mind at the time of the charged offenses." *Id.* at 166. The prior bad act evidence "made it more probable than not that the defendant on the later occasion acted with an intent to terrorize her and that those actions placed her in fear for her physical safety." *Id.* We held that "while the prior acts evidence may have demonstrated the defendant's propensity for violent behavior, it was relevant to his intent to act towards this particular victim in an intimidating manner." *Id.* We found that "[s]uch evidence made it more probable than not that the defendant on the later occasion acted with an intent to terrorize her and that those actions placed her in fear for her physical safety." *Id.*

■ Likewise, in the instant case, the prior bad acts evidence was relevant to proving the elements of both charges against the defendant. In the instant case, the State had the burden to prove both the charges of: (1) harassment, by showing that the defendant made the threat towards Kirouac with the purpose to annoy or alarm her, RSA 644:4, I(e); and (2) criminal threatening, by showing he made the threat with the purpose to terrorize her, RSA 631:4. The defendant's prior threatening behavior towards Kirouac was probative of his motive and intent towards Kirouac and also to her own state of mind at the time of the charged offenses. The evidence tended to show that he intended to annoy, alarm or terrorize Kirouac during the later incident. Because the defendant had seen that Kirouac had been frightened by his prior threatening behavior, he would likely have known that the charged offense would have again put her in fear. As in *Richardson*, while the prior acts evidence may have demonstrated the defendant's propensity for harassing behavior, it was relevant to his intent to act towards Kirouac in an intimidating manner.

[5, 6] "We will find sufficient support for a reliable inference of intent only if the defendant's intent in committing other bad acts and the defendant's intent in the charged offenses is closely connected by logically significant factors." *Bassett*, 139 N.H. at 499. The trial court found that the prior statement was "highly probative of his intent" because it was quite

similar to his statement in the charged offense and was necessary for the jury to understand the context of the statement. We agree. Both statements were directed towards Kirouac and arose out of the defendant's problems paying child support. The evidence was relevant to assist the jury in understanding why the defendant made the statement and why he knew that Kirouac would be frightened by it. This demonstrated that the defendant had formed a similar state of mind.

■■ The defendant's prior acts occurred two years before the incident for which the defendant is charged. "A clear logical connection is necessary to overcome the lack of temporal proximity." *Bassett*, 139 N.H. at 500. In both instances, the defendant's threatening behavior was directed towards the same person. Both of the defendant's statements were similar, involving Kirouac being shot. Also, the defendant made the statements in circumstances where he was having problems with his child support payments. Therefore, although the prior act occurred two years earlier, these factors provide a sufficient logical connection to the charged act.

■ The defendant argues that the prior act evidence was unfairly prejudicial because the statements were so similar that the prior bad act "evidence heightened the risk that the jury would find that [he] had committed the charged crime because of their sympathy for Kirouac and their desire to punish [him] for his propensity to make threatening statements." "We accord considerable deference to the trial court's determination in balancing prejudice and probative worth of evidence under Rule 404(b). Particularly pertinent to determining this balance is whether the evidence is relevant to prove an issue that is actually in serious dispute." *Richardson*, 138 N.H. at 166 (citation omitted). "[W]hen intent is not conceded by the defense, and it is an element of the crime to be proven by the State, it is sufficiently at issue to require evidence at trial." *McGlew*, 139 N.H. at 507. While the defendant did not argue that he did not make the charged statement, he argued that he lacked purpose to annoy or alarm Kirouac. Consequently, his intent to annoy or alarm Kirouac was an issue that was in serious dispute. Thus, the evidence was admissible to prove the charge of harassment.

Next, the defendant argues that the trial court erred when it declined to determine whether he had satisfied the terms of his deferred sentence, ruling that an appeal stays all proceedings in the trial court regarding sentencing matters. The defendant was sentenced to the House of Corrections for nine months. All but 164 days of his sentence was deferred, on a condition of good behavior, for a period of up to six months. The sentencing order provided that the State, at any time during the

deferment period, could request the court to require the defendant to appear and show cause why the commitment or any portion thereof should not be imposed. It also provided that within thirty days prior to the expiration of the deferred period, the defendant shall petition the court to show cause why the deferred commitment shall not be imposed. If the defendant failed to petition the court within the prescribed period, the deferred commitment could be imposed without further hearing. After the sentencing order was issued, the defendant was released from commitment on his deferred sentence.

An appeal to this court does not automatically suspend execution of a sentence. *See* 2A R. MCNAMARA, NEW HAMPSHIRE PRACTICE, CRIMINAL PRACTICE AND PROCEDURE § 1133, at 6 (1997). There is a presumption that a sentence will continue to run unless affirmative action is taken to stay it. Either party may move to stay a sentence. Nothing in the record shows that either the State or the defendant requested a stay, or that the trial court stayed the sentence.

The State relies upon the provisions of RSA 597:1-a (2001). RSA 597:1-a provides the conditions under which a defendant may be released from detention on bail during the pendency of an appeal. Nothing in the record shows that the trial court released the defendant on bail pending appeal. The statute, therefore, does not apply to the defendant. We hold that the defendant's sentence has been running because: (1) he had been released pursuant to his deferred sentence, not a bail order; (2) there was no bail order issued during this appeal; and (3) the trial court did not stay the sentence.

Any arguments the defendant raised in his notice of appeal, but did not brief, are deemed waived. *See State v. Mountjoy*, 142 N.H. 648, 652 (1998).

*Affirmed in part; reversed in part; remanded.*

BRODERICK, J., sat for oral argument but did not take part in the final vote; NADEAU and DALIANIS, JJ., concurred.